C. M. Cureton, Chief Justice.

# NOVEMBER, 1928

G. W. Thomason v. R. E. Sherrill et al., Executors.

Application No. 16039. Decided November 1, 1928.
(10 S. W., 2d Series, 687.)

*G. W. Thomason,* plaintiff in error, in *pro. per.*

PER CURIAM: This case originated in the District Court of Haskell County. The suit was one in trespass to try title, filed by R. E. Sherrill and another against G. W. Thomason. Thomason answered in the case, setting up some details of his claim of title, and made other pleas appropriate to a defense of Sherill's action. The case came on for trial before the court, but before the court had rendered judgment the defendants in error, Sherill et al., dismissed their suit over the protest of the plaintiff in error. The trial court, however, permitted the dismissal, and refused to re-instate on the motion of the plaintiff in error, apparently on the ground that the defendants in error had the right to dismiss their suit since the plaintiff in error had not filed a cross action or asked for any affirmative relief in his answer.

An examination of the record shows that the conclusion of the trial court was correct. While Thomason pleaded defensive matters, upon which a cross action might have been based, his answer was not a cross action, and contained no prayer for affirmative relief. The insistence in the appellate court was that his prayer for

general relief should be construed as one for affirmative relief. We do not think so. The prayer must be construed in the light of the general purpose of the pleadings, which was defensive only.

Thomason appealed from the orders of the District Court, and when the case reached the Court of Civil Appeals that court dismissed the appeal for want of jurisdiction. Thomason v. Sherrill et al., 4 S. W. (2nd), p. 304. In this action we think the Court of Civil Appeals erred. We are of the opinion that Thomason had the right to maintain his appeal, but we are clearly of the opinion that there was no merit whatever in his appeal, and for this reason we decline to grant the writ of error, and will accordingly dismiss his petition for want of jurisdiction.