## MRS. J. L. McELYEA ET AL. V. OSWALD PARKER.

No. 6332. Decided April 24, 1935.
Rehearing overruled May 22, 1935.
(81 S. W., 2d Series, 649.)

*Walker & Moore, Jack M. Moore*, and *W. S. Parker*, all of Beaumont, for appellants.

On question No. 1: Durfee Mineral Co. v. City Natl Bank of Temple, 236 S. W., 516.

On question No. 2: Clements v. Clements, 46 S. W., 61; Dalton v. Davis, 294 S. W., 115, 1 S. W. (2d) 571.

*James F. Walker*, of Kountze, for appellee.

On question No. 1, 3: Campbell v. Wilson, 6 Texas, 379; Evans v. McNeil, 41 S. W. (2d) 269; Harris v. Schlinke, 95 Texas, 88, 65 S. W., 172; Goodlett v. Stamps, 29 Texas, 121; Davis v. Wichita Bank & Trust Co., 286 S. W., 589.

Mr. Presiding Judge RYAN delivered the opinion of the Commission of Appeals, Section B.

The Honorable Court of Civil Appeals for the Ninth Supreme Judicial District has certified the following statement and questions:

"This suit was filed in the district court of Hardin County on the 7th day of May, 1930, by appellants as plaintiffs, against appellee as defendant, in trespass to try title to recover the following described tract of land, to-wit:

" 'All that certain tract, or parcel of land lying and being situated in Hardin County, Texas, and being known and described as the T. R. Ogdon Survey No. 828, and being more particularly described as follows:

" 'Said land is situated in Hardin County about 2½ miles

N. E. from County site, and known as Survey No. 828.' (Here follow field notes).

"On the 26th day of August, 1930, appellee, Oswald Parker, the defendant named an appellant's petition, filed his original answer by general demurrer, general denial and plea of not guilty, and by way of cross-action claiming affirmatively against the plaintiffs the following described tract of land:

" 'That this defendant, Oswald S. Parker, was heretofore, to-wit, on the 25th day of August, A. D., 1930, lawfully seized and possessed by good and sufficient fee simple title of a portion of the Nannie R. Smith survey in Hardin County, Texas, including all of the land herein sued for by plaintiffs and described and claimed as being the T. R. Ogden survey No. 828.'

"The other proceedings had herein in the lower court are set out in its final judgment in this cause as rendered on the 12th day of January, 1931, which was as follows:

" 'Be it remembered that on this the 12th day of January, A. D., 1931, came on to be heard in open court in its regular order and as previously set for trial by the Court the above styled and numbered cause, whereupon came the plaintiffs herein by their attorneys of record and all of said plaintiffs announced to the Court that they would no further prosecute their suit herein against the defendant, Oswald S. Parker, but would take a non-suit, whereupon the said plaintiffs' suit herein was and is hereby dismissed at cost of said plaintiffs and the sureties upon their cost bond, W. S. Parker and Jack M. Moore, for which execution may issue against all the plaintiffs, jointly and severally, and against said W. S. Parker and Jack M. Moore in favor of the defendant herein, Oswald S. Parker.

" 'And whereupon came on to be heard the defendant's cross-action filed herein on August 26th, A. D., 1930, and it appearing to the Court that said cross-action was so filed in this cause at a former term of this court and that thereafter this cause was continued generally for that term at the request of all parties hereto in open court made and that the plaintiffs in this suit being defendants in said cross-action and all of them appeared herein on this day through their respective attorneys of record and requested orally in open Court a continuance of this cause, which being refused they took a non-suit herein as to their suit against the defendant, Oswald S. Parker, as hereinbefore recited, and thereafter the said Oswald S. Parker, original defendant herein, announced ready upon his said cross-action, whereupon it appearing to the Court that although the original plaintiffs herein, being all of the defendants in said

cross-action, were then present in Court through their attorneys of record but nevertheless no answer had been filed to said cross-action and no answer was then tendered for filing or offered to be filed in response to said cross-action but that defendants in said cross-action through said attorneys of record objected to said judgment on said cross-action on the ground that they had not been served with process requiring them to answer said cross-action, it is therefore considered and adjudged by the Court that the original plaintiffs as defendants in said cross-action are each and all in default for failing and refusing to answer said petition in cross-action and that defendants, Oswald S. Parker, as plaintiff in said cross-action is in law entitled to judgment as therein prayed for. It is therefore hereby ordered, adjudged and decreed that said Oswald S. Parker, original defendant herein and plaintiff in said cross-action, do have and recover of and from each and all of the original plaintiffs, they being the identical persons named as defendants in said cross-action, to-wit: Mrs. J. L. McElyea, a widow and feme sole and surviving wife of J. L. McElyea, deceased, George McElyea, Earl McElyea, Mrs. J. F. Haynes and husband, J. P. Haynes, Lettie Plumly and husband, Allen Plumly, Mrs. H. M. Pressler and husband, H. M. Pressler, all of Jefferson County, Texas, and Anna Almond Hudson and husband, L. O. Hudson, of the State of Arkansas, and Mrs. Nannie S. Thaxton individually and as sole and independent executrix of the estate of W. H. Thaxton, deceased, of Travis County, Texas, the title to and possession of all that certain tract of land in Hardin County, Texas, described in said cross-action and in the original petition herein filed by original plaintiffs, to-wit:

" 'All that certain tract, or parcel of land lying and being situated in Hardin County, Texas, and being known and described as the T. R. Ogden Survey No. 828, and being more particularly described as follows:

" 'Said land is situated in Hardin County about 2½ miles N. E. from County Site, and known as Survey No. 828. (Here follow same field notes as in plaintiff's petition).

" 'It is further ordered, adjudged and decreed that the said Oswald S. Parker, plaintiff in said cross-action, do have and recover of and from the defendants in said cross-action above named and each of them, jointly and severally, all costs in this behalf incurred for which execution may issue together with his writ of possession and all other writs that may from time to time become necessary or convenient and proper in enforcement of this judgment and decree.

"'Done in open court at the regular January term thereof. this 12th day of January, A. D., 1931.'

"There is no statement of facts in the record in this cause, nor is there a bill of exception to the effect that the judgment copied above was entered without supporting evidence.

"After the rendition of the foregoing judgment, and at the same term of court at which it was rendered, appellants filed their motion for new trial, reciting, among other things, as follows:

"'THIRD. The court erred in proceeding in the above entitled and numbered cause after the plaintiffs had taken a voluntary non-suit and refused to appear or further act in the case.

"'FOURTH. After the plaintiffs took a voluntary non-suit in the cause and refused to prosecute the case, the jurisdiction of the court over them terminated, and they were not subject to its orders or rulings and it was error for the court to proceed further in the case.

"'FIFTH. The Plaintiffs having taken a non-suit, the jurisdiction of this court over them ceased and terminated and the court erred in holding and ruling that Plaintiffs were in Court for the purpose of rendering a judgment by default against them on Defendant's Cross-Action where there was no service of process or notice of same.

"'EIGHTH. The court erred in rendering judgment by default for the Defendant against these plaintiffs on Defendant's Cross-Action where the Plaintiffs have taken a voluntary non-suit and there was no service of process or voluntary appearance in Court to Defendant's Cross-Action by Plaintiffs.

"'NINTH. The Court erred in ruling that the Plaintiffs were in Court on the Defendant's Cross-Action where they had taken a voluntary non-suit, and where they had never been served with process.

"'TENTH. The Court erred in rendering judgment by default for the defendant on his cross-action against Plaintiff after Plaintiffs had taken a voluntary non-suit and refused to appear to defendant's cross-action and before they had been served with any process or notice thereof.'

"The order overruling the motion for new trial was as follows:

"'On this 30th day of January, A. D., 1931, came on to be heard in the above entitled and numbered cause plaintiffs' motion for new trial, and the same having been duly considered by the Court is in all things overruled, to which action of the

Court plaintiffs then in open Court excepted and gave notice of appeal to the Court of Civil Appeals for the Ninth Supreme Judicial District of Texas, at Beaumont, Texas, and plaintiffs are hereby allowed eighty days within which to file their bills of exception and statement of facts herein.'

"There also appears in the transcript application of appellants filed in the trial court, addressed to the judge of said court, stating 'that Statement of Facts and Bills of Exception have not been filed therein and cannot be so filed within the time required by law for the reason that the stenographer has not had time to properly prepare the same, being the stenographer who took the testimony * * * that an extension of 25 days time for filing such statement of facts and bills of exception is necessary * * * Wherefore plaintiffs pray that the time for preparing and filing bills of exception and statement of facts in such case be extended for 25 days from this date.'

"There also appears in the transcript order signed by the judge of the trial court granting such application for extension of time for filing statement of facts and find same to be necessary, such order reciting the consideration of such application, the substance thereof, and that the extension of 'time for the filing such statement of facts and bills of exception is necessary * * * And the Court being of the opinion that such application should be granted, it is therefore ordered that said plaintiffs shall have 25 days from and after this date (April 20, 1931) within which to prepare and file statement of facts.'

"On the 28th day of January of this year we entered our judgment in this case, supported by our written opinion filed as of that date, reversing the judgment of the lower court, as copied above, and remanding this cause for a new trial. In support of our judgment of reversal and remand we quoted in our opinion a statement from appellant's brief to the effect that the judgment appealed from was 'granted without * * * introduction of evidence or explanation,' and a statement from appellee's brief which we construed as a concession by appellee that the judgment was, in fact, entered without supporting evidence. On rehearing appellee asserts that we have not correctly construed his brief and that it was not his intention, in making the statement quoted by us, to concede that the judgment was entered without supporting evidence. In view of this contention of appellees on rehearing, we withdraw our statement 'that both parties have construed the judgment as being entered without support in the evidence.' With this correction in the original opinion, being in doubt as to the law of the case

and deeming it advisable to certify to your Honors the controlling propositions, we most respectfully submit to you, for your consideration and answer, the following questions as appearing fundamentally on the fact of the record.

### QUESTION NO. 1

"In view of the language of the judgment, 'it is therefore considered and adjudged by the Court that the original plaintiffs as defendants in said cross-action are each and all in default for failing and refusing to answer said petition in cross-action and that defendant, Oswald S. Parker, as plaintiff in said cross-action, is *in law* entitled to judgment as therein prayed for,' having special reference to the underscored words 'in law,' is the appellee, Mr. Parker, entitled to the presumption that the lower court heard evidence in addition to the pleadings in support of the judgment entered in his behalf?

### QUESTION NO 2

"By Question No. 1 it is our purpose to submit to you for construction merely the judgment, but appellee has asked that we embody in our certificate the excerpts from the motion for new trial filed by appellants, the order overruling their motion for new trial and their application for an extension of time for the filing of bills of exception and statement of facts and the court's order thereon. We have complied with appellee's request and have and do hereby make a part of our certificate the matters which he thus calls to our attention. As our second question, we most respectfully ask your Honors the following question:

"(a) Can the motion for new trial, the order overruling the motion for new trial, the application for an extension of time for the filing of bills of exception and statement of facts and the court's order thereon, or any one of such proceedings, be looked to in determining the issue as to whether or not the judgment was entered merely on the pleadings, as on default, without other support in the evidence;

"(b) If you answer the foregoing question in the affirmative, does the whole record, as embodied in this certificate, raise the presumption that the court heard evidence in addition to the pleadings, in support of the judgment rendered in favor of appellee, Mr. Parker?

### QUESTION NO. 3

"If you answer the foregoing questions to the effect that the judgment in appellee's favor should be construed as entered merely on default, without other support than the pleadings of

the parties, then we submit to you the following question:

"As it appears affirmatively on the face of the judgment that appellants, before taking their non-suit, filed no independent answer to appellee's cross-action, and it further appearing on the face of the judgment that, after taking their non-suit, they filed no additional pleading, was appellee, as a matter of law, entitled to judgment as on default for the land sued for, merely on his pleadings, without introducing other supporting evidence? In other words, after taking their non-suit, did appellants' petition perform the office of an answer to appellee's cross-action, and was it necessary for them to file an answer to appellee's cross-action in order to put him upon the burden of proving his title by evidence?

"We have withdrawn our fact conclusion upon which our construction of the judgment was based, and our opinion now goes to Your Honors without an answer by us to Questions 1 and 2, as given above.

"Because of the importance of these questions, and our doubt as to their proper answer, we most respectfully submit them for your answer and consideration."

## OPINION.

1  *1st.*—The appellants by consenting to the continuance at the August term, 1930, of court, and by applying for a continuance at the January term, 1931, both actions occurring after appellees' cross-action had been filed, constituted their appearance thereto and give the court jurisdiction over them as to the cross-action as fully as would the issuance and service of citation thereon. Degetau v. Mayer, 145 S. W., 1054, writ of error refused; Republic Oil & Gas Co. v. Owen, 210 S. W., 319, writ of error refused; Chance v. Pace, 151 S. W., 843; Mueller v. Heidemeyer, 109 S. W., 447, writ of error refused; 4 Tex. Jur., 628.

2  As to the defendant's cross-action, plaintiffs were defendants (Harris v. Schlinke, 95 Texas, 88, 65 S. W., 172), and while they had the right to take a non-suit as to their original cause of action, this did not prejudice the right of the adverse original defendant to recover on his claim for affirmative relief. Article 2016, Article 2182, Rev. Stat., 1925. Brooks v. O'Connor, 120 Texas, 121, 39 S. W. (2d) 22; Thomason v. Sherrill, 118 Texas, 44, 10 S. W. (2d) 687; Short v. Hepburn, 89 Texas, 622, 35 S. W., 1056. Taking the non-suit was an abandonment of the claim asserted in the petition and not an impairment of affirmative relief asserted by the adverse defendant which he

had the right to have determined, the plaintiffs, as to that, being properly before the court by their appearance, as we have said above. Busse v. Busse, 287 S. W., 141; 15 Tex. Jur., p. 243, par. 10.

Even though the plaintiff has taken a non-suit, his petition may be looked to in aid of the defendant's cross-action seeking affirmative relief. Northern Texas T. Co. v. City of Polytechnic, 236 S. W., 73 (Com. App.); Jones v. Wagner, 141 S. W., 280, writ of error refused.

3 There being no statement of facts in the record and no bill of exceptions to the effect that the judgment was rendered without supporting evidence, every presumption must be indulged in its favor, the court having jurisdiction of the subject matter and of the parties.

We do not think that the recitals of the judgment exclude the presumption that evidence was heard in support of appellee's claim of title. It declares appellants in default for failing and refusing to answer the cross-action, and *(conjunctively)* that Parker as plaintiff in the cross-action is in law entitled to judgment as he prayed for.

The finding that defendant is *in law* entitled to judgment, is all inclusive and presupposes a hearing determining the facts on which such finding is based and the reason therefor. Because the judgment does not expressly recite that evidence was heard is not a conclusive determination that evidence was not heard, rather, the recital in the judgment that the defendants in error through their counsel, present in court, objected to the judgment on cross-action on the ground, *only,* that they had not been served with process requiring them to answer said cross-action, would tend to the contrary inference.

Everything must be presumed in favor of the judgment, which is not concluded by the record. Pierson v. Burney, 15 Texas, 272; Hopkins v. Donaho, 4 Texas, 336; 3 Freeman on Judgments (5th Ed.) sec. 1298.

We answer "Yes" to Question No. 1.

4 *2nd.*—The Court of Civil Appeals is bound by the record as it appears in the transcript made by the District Clerk and duly certified (Willis v. Smith, 90 Texas, 635, 40 S. W., 401; 3 Tex. Jur., 425), no question being raised as to its jurisdiction under Article 1822, Rev. Stat., 1925; Boggess v. Harris, 90 Texas, 476, 39 S. W., 565. It necessarily follows that the Court of Civil Appeals may consider all parts of the record properly included therein.

We therefore answer "Yes" to Sections (a) and (b) of the second question.

*3rd.*—In view of the above answers, Question No. 3 need not be answered.

Opinion adopted by the Supreme Court April 24, 1935.
Rehearing overruled May 22, 1935.