### RHODIUS v. MILLER.
### No. 3924.

Court of Civil Appeals of Texas. El Paso.
March 7, 1940.

Rehearing Denied March 28, 1940.

Bruce W. Teagarden, of San Antonio, for appellant.

E. W. Halbardier and Phil Collins, both of San Antonio, for appellee.

PRICE, Chief Justice.

Appellee, Carl Miller, instituted this suit against H. U. Rhodius, appellant, in one of the District Courts of Bexar County, Texas. The action was to recover for personal injuries alleged to have been inflicted on appellee through the negligence of appellant. The pleadings to the petition of appellee by appellant were entirely defensive and no affirmative relief was sought. The case was terminated by the trial court granting appellee's motion for a non-suit. Appellant duly excepted to such order and perfected an appeal therefrom, and the case is here for review. From the recitals of the order sustaining plaintiff's motion for non-suit and by bill of exceptions thereto the facts clearly appear, and there is no substantial dispute relative thereto between the parties to this appeal.

The trial was to a jury. After appellee had closed his evidence, appellant made a motion that the court instruct a verdict in favor of appellant. The jury was excused, argument was had on the motion, and in open court it was announced by the court that appellant's motion was sustained. Whereupon appellee made a motion that he be allowed to take a non-suit. This motion was granted by the court. Judgment was entered on appellee's motion reciting the facts substantially as narrated above.

We are met at the threshold of this case by a suggestion by appellee that this court is without jurisdiction to pass on this appeal; the ground being that the judgment appealed from is not a final judgment. Cited in support is the case of Thomason v. Sherrill, Tex.Civ.App., 4 S.W. 2d 304, Id., 118 Tex. 44, 10 S.W.2d 687. In that case it was held by the Supreme Court the order appealed from was an order refusing the motion of defendant to reinstate what he alleged was a cross action seeking affirmative relief against plaintiff. The Supreme Court held that such an order was a judgment over which there was appellate jurisdiction; but that in the case under consideration there was no cross action pleaded by the defendant. Hence the writ of error from the action of the Court of Appeals in dismissing the appeal was dismissed.

In that case it is to be noted that the right of the plaintiff to take a non-suit was not involved. The question really was the effect of plaintiff's taking a non-suit on the alleged cross action of the defendant. If defendant's suit had been dismissed it was not through his voluntary act. Now the right of a plaintiff to appeal from an order refusing to reinstate an involuntary non-suit seems well established. Benedict v. Chicago, R. I. P. Ry. Co., Tex.Civ.App., 91 S.W. 811.

However, the question here is not precisely the same as in the cases cited by appellant in support of the jurisdiction here. The question is, as stated by Judge Funderburk in Thomason v. Sherrill, supra, Does the judgment dispose of the whole subject matter in controversy? In the cases cited by appellant as a rule there was no question as to the finality of the judgment. The court, in most of the cases, if in not all, entered judgment in favor of the defendant. There is no question but what the involuntary dismissal of a proceeding where af-

firmative relief is sought, whether asserted by the plaintiff or by the defendant, is a final judgment. Thomason v. Sherrill, supra; Benedict v. Chicago, R. I. P. Ry. Co., supra.

There may be some analogy to an order granting a voluntary non-suit, where under the facts a judgment for defendant is demanded, and the cases where the trial court erroneously declares a mistrial on the ground that the verdict rendered was insufficient to support the rendition of a judgment. In these cases mandamus is warranted by the appellate court on two grounds: (1) that the duty of rendering judgment on a verdict is a ministerial duty, and (2) for a refusal to so render judgment there is no remedy by appeal, this because there is no final judgment from which to appeal. Gulf, C. & S. F. Ry. Co. v. Canty, 115 Tex. 537, 285 S.W. 296.

However, we think that it is unnecessary to further discuss or decide the question of jurisdiction. In our opinion, the action taken was clearly within the power of the District Judge. It was a discretionary power and not subject to review.

It seems to be the law that a motion for a voluntary non-suit comes too late after judgment has been rendered by the court sustaining the motion of defendant to instruct a verdict in his favor. Article 2182, R.S.; Texas Electric Ry. v. Cox, Tex.Com.App., 49 S.W.2d 725, 89 A. L.R. 11.

It is well settled that the trial court has plenary jurisdiction over its judgments during the term at which they are entered. This power may be exercised by the court on his own motion. 25 Tex.Jur. p. 520, sect. 127, p. 545, sects. 150, 151; Handy v. Olney Oil & Refining Co., Tex.Civ.App., 68 S.W.2d 313, writ refused.

We think the action of the trial court in sustaining plaintiff's motion for a voluntary non-suit was tantamount to setting aside the previous order sustaining defendant's motion to instruct the jury to find for the defendant. It might have been more regular for the court to have expressly set aside the order on the motion to instruct. There unquestionably was the power to do this. The power to grant the voluntary non-suit was perhaps conditioned on the setting aside of the previous judgment rendered. The rendition of the judgment sustaining defendant's motion is only evidenced by recitals in the judgment sustaining appellee's motion for a non-suit and bills of exceptions taken to the court's action at the time.

We think there was no error in the trial court's action.

Judgment affirmed.