### SALMON v. FIDELITY BANK & TRUST CO.

#### No. 15422.

Court of Civil Appeals of Texas. Fort Worth.

May 8, 1953.

Rehearing Denied June 12, 1953.

.. Salmon & Lovelace, of Linden, for appellant.

Fred W. Moore and A. C. Lesher, Jr., both of Houston, for appellee.

George Red, of Houston, for Allstate Ins. Co.

RENFRO, Justice.

On July 15, 1950, James C. Salmon executed a note in the principal sum of $1,431, payable to the order of Fidelity Bank and Trust Company in monthly installments of $60 each, the first installment being due and payable on the 20th day of August, 1950, and on the same day executed and delivered to the Bank a chattel mortgage on a 1950 Ford automobile to secure the payment of said note and delivered to the Bank his certificate of title to said automobile, with an endorsement showing the vehicle to be subject to the chattel mortgage lien in favor of the Bank.

On March 29, 1951, the Fidelity Bank brought suit on the note and to foreclose the mortgage, alleging that none of the installments had been paid, that the automobile had been damaged and that the Bank had been forced to pay a motor repair company for repairs in order to take possession of the automobile and protect its debt and lien.

On November 14, 1951, Salmon, hereinafter called appellant, filed an answer in which he alleged that the Bank, hereinafter called appellee, took the car without his consent, and prayed that the appellee take nothing by its suit.

Appellant filed a cross action against the appellee and also impleaded the Allstate

Insurance Company as a third party defendant.

After the court sustained certain exceptions to appellant's answer and to his petition in cross action, summary judgment was entered for appellee and the Insurance Company.

The first three points of error complain of the action of the trial court in sustaining an exception to paragraph II of his original amended answer, wherein he disclaimed liability because the Bank took possession of the car without his consent; and in sustaining exceptions to paragraphs 7 and 10 of his third amended original petition, in which he had alleged damages and exemplary damages against appellee because of the taking of the car by appellee without his consent.

■ Under the terms of the mortgage executed by appellant, the appellee had the right to take peaceable possession of the car upon default in payments. Having such right, it would not be guilty of a trespass nor liable for conversion in exercising this right in a peaceful and lawful manner. The mere taking without appellant's consent would not violate the terms of the mortgage. Gardner v. Associates Investment Co., Tex.Civ.App., 171 S.W.2d 381, writ ref., w. m.; Haydon v. Newman, Tex.Civ.App., 162 S.W.2d 1041; Pacific Finance Corp. v. Crouch, Tex.Civ.App., 243 S.W.2d 432, citing Singer Sewing Mach. Co. v. Rios, 96 Tex. 174, 71 S.W. 275, 60 L.R.A. 143; Jesse French Piano & Organ Co. v. Elliott, Tex.Civ.App., 166 S.W. 29; State Exchange Bank v. Smith, Tex.Civ.App., 166 S.W. 666; Runnels Chevrolet Co. v. Clifton, Tex.Civ.App., 46 S.W.2d 426; J. M. Radford Grocery Co. v. Jamison, Tex.Civ.App., 282 S.W. 278.

■ Since the pleadings were not sufficient to take the case out of the terms of the mortgage, appellee could not be held to answer for taking possession of the car where appellant was in default and the car was taken by reason thereof. The court therefore did not abuse his discretion in sustaining the exceptions of which complaint is made.

The appellant refused to amend.

In this state of the record, with the pleadings showing no denial of the execution of the note and his liability thereunder, and no defense of the instruments pleaded by appellee and the cross-petition being insufficient to support the recovery for damages on the cross-action, the appellee amended and renewed its motion for summary judgment, said motion containing certified copies of the note, mortgage, title certificate and affidavit showing the amount due on the note, attorney's fees and reasonable expenses in caring for the car.

No statement of facts or findings of fact and conclusion of law or bills of exception have been brought forward in this appeal. The trial court's judgment, however, states that appellant offered no affidavits or proof to the contrary but stood upon his right to file a trial amendment of accord and satisfaction. Incidentally, the appellant does not complain of the action of the trial court in denying his right to file the trial amendment.

Appellant contends the summary judgment was improper because notice was not given of the hearing.

■ Proper notice had been given previously, and there being no statement of facts or findings of fact or bills of exception, we are bound by the trial court's judgment to the effect there were no representations in opposition to the matter set out in the motion for summary judgment and that appellant waived any additional notice on the hearing.

■ Where the trial court proceeds to hear a motion for summary judgment under Rule 166–A, Texas Rules of Civil Procedure, he has to determine from what is then before him whether or not any genuine issue of fact as to any material matter is presented and whether or not as a matter of law the moving party is entitled to judgment. Haley v. Nickels, Tex.Civ.App., 235 S.W.2d 683. Where there is no statement of facts in the record, every presumption must be applied in favor of the trial court's judgment. McElyea v. Parker, 125 Tex. 225, 81 S.W.2d 649; Daniel v. Kittrell, Tex.Civ.App., 188 S.W.2d 871.

In the state of the record before us, we must conclude that the court was correct in determining that as a matter of law the appellant was not entitled under the pleadings and the facts of the case to any of the relief which he sought and that the rendition of a summary judgment was proper.

The Allstate Insurance Company has filed a motion to dismiss the appeal as to it because the appeal bond filed by appellant is payable to the Fidelity Bank and Trust Company alone and makes no mention of the Insurance Company and makes no complaint of the judgment rendered that appellant take nothing against the Insurance Company. The appellant has made no effort to amend the appeal bond. The motion to dismiss is sustained. Rule 354, T.R.C.P.

The judgment in favor of the appellee, Fidelity Bank and Trust Company, is affirmed.