**W. R. LAUGHLIN, Appellant,**

v.

**GALVESTON–HOUSTON BREWERIES, INC., et al., Appellees.**

**No. 6556.**

Court of Civil Appeals of Texas.

Beaumont.

June 7, 1962.

Motion for Rehearing Overruled
June 27, 1962.

Ted Musick, Houston, for appellant.

Andrews, Kurth, Campbell & Jones, Houston, Royston, Rayzor & Cook, Galveston, for appellees.

STEPHENSON, Justice.

Plaintiff brought this action upon an oral contract to recover a 5 percent commission for the sale of a corporation. The defendant's motion for summary judgment was granted by the trial court. The parties will be referred to here as they were designated in the trial court.

Plaintiff alleged that the president of the defendant corporation agreed to pay plaintiff a 5 percent commission to sell the defendant corporation. Plaintiff further alleged that he found a purchaser to whom the corporation was sold.

Defendant alleged that the sale included land, together with the other assets, and relied upon the Statute of Frauds and upon Sec. 28, Article 6573a, Vernon's Ann.Revised Statutes, and upon other defenses. Sec. 28, Article 6573a, reads as follows:

"No action shall be brought in any court in this State for the recovery of any commission for the sale or purchase of real estate unless the promise or agreement upon which action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunder lawfully authorized."

Defendant attached a portion of plaintiff's deposition to the motion for summary judgment, which showed that plaintiff was not a licensed dealer under the Real Estate Dealers License Act, and that all plaintiff had was a securities license to sell stock.

The order granting the motion for summary judgment contained the following recitation:

"* * * and the parties thereupon in connection with such motions and reply thereto, introduced in evidence from the deposition of the plaintiff, W.

R. Laughlin and from the deposition of Edward A. Stenzel and certain other evidence, including admissions from sworn pleadings * * *."

There is no statement of facts, no findings of fact set out in the judgment, and no findings of fact and conclusions of law in this record.

■ The pleadings raise an issue of fact. If this transaction was the sale of corporate stock, then no agreement in writing was necessary and the Statute of Frauds, and Sec. 28, Article 6573a would have no application. On the other hand, if this transaction was the sale by the corporation of its assets, including real estate, then the Statute of Frauds and Sec. 28, Article 6573a would be valid defenses. The duty of the trial court hearing the motion for summary judgment was to determine whether there were any issues of fact to be tried, and not to weigh the evidence and determine its credibility. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929. However, mere pleadings do not show that there is a genuine issue of fact thus preventing a summary judgent, but the showing is to be made by deposition, admissions, affidavits or like proof, one, some or all. Doneghy v. State, Tex. Civ.App., 334 S.W.2d 506.

■ The burden of proving that there was no genuine issue of any material fact was upon the party moving for judgment and all doubt as to the existence of a genuine issue of any material fact must be resolved against the party seeking the summary judgment. Gulbenkian v. Penn, supra. However, this court must assume that the trial court heard all of the evidence and properly concluded there was no genuine issue as to any material fact. Where there is no statement of facts in the record, every presumption must be applied in favor of the trial court's judgment. Salmon v. Fidelity Bank & Trust Co., Tex.Civ.App., 258 S.W. 2d 837. See, also, McElyea v. Parker, 125 Tex. 225, 81 S.W.2d 649.

The judgment is affirmed.