v.

B & B GROWERS AND PACKERS, INC., Appellee.

No. 14043.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 9, 1963.

Rehearing Denied Feb. 6, 1963.

---

Stafford, Atlas & Spilman, Gary Gurwitz, McAllen, Aldrich & McDonald, Edinburg, for appellants.

Hill, King & McKeithan, Mission, for appellee.

POPE, Justice.

The trial court granted plaintiff's motion to dismiss this case. Since the defendants had answered and asked for affirmative relief, the court erred in dismissing their cross-action.

B and B Growers and Packers, Inc., commenced this suit against Simon Heath. It alleged a written contract by which it agreed to buy and Heath agreed to sell a sixty-acre farm for $58,000.00 in cash and notes. It later amended and joined J. T. Cross, H. F. Moffitt, Sun Valley General Sales Corporation and Kenneth Hirstein, to whom Heath, according to plaintiff's pleadings, had sold the property. Heath at first answered and resisted the specific performance. In February of 1962, about a year after the suit was filed, defendant Heath filed an amended answer and acceded to every demand of the plaintiff. He referred to and adopted those parts of plaintiff's pleadings which alleged the agreement between the parties, plaintiff's tender of performance, and the prayer for specific performance of the same property. Heath, by his amended answer, then prayed that plaintiff be required to perform the contract in accord with its own as well as his pleadings. The other defendants pleaded

the same thing and, to effect the specific performance, they conveyed the property back to Heath so he could convey to plaintiff. Heath tendered a deed into court. Plaintiff in March of 1962 filed its motion to dismiss. It also filed, subject to the motion to dismiss, its answer to the merits of defendants' amended pleadings, and prayed that the specific performance now sought by defendants be denied.

The parties completely exchanged positions. At first plaintiff sought specific performance and the defendants resisted it. The defendants amended and they, by way of affirmative relief, asked for specific performance of the same contract. Plaintiff then moved to dismiss and, subject to this motion, filed its answer resisting specific performance. This was the situation at the time the motion to dismiss was heard.

Plaintiff had the right to dismiss its own suit but had no right to impair the counter-claim of its adversaries. At the time the court ordered the dismissal, the plaintiff had become a counter-claimant in a suit for specific performance. The dismissal of plaintiff's action for specific performance could not defeat the affirmative relief sought by its adversaries. Rules 96, 164, Texas Rules of Civil Procedure; McElyea v. Parker, 125 Tex. 225, 81 S.W.2d 649; Brooks v. O'Connor, 120 Tex. 121, 39 S.W.2d 22; Thomason v. Sherrill, 118 Tex. 44, 10 S.W.2d 687; Short v. Hepburn, 89 Tex. 622, 35 S.W. 1056.

Plaintiff seeks to justify the dismissal of the entire cause by arguing that conditions have materially changed since its original action. It states in its brief that the land has depreciated in value by reason of a freeze and that the defendants' cross-action should be barred by laches. These are matters of fact which will be appropriate for the trial on the merits. No evidence was heard on the motion to dismiss.

That part of the judgment which dismissed plaintiff's cause of action is affirmed. That part of the judgment which adjudged

the costs below against the defendants, appellants here, and dismissed their counterclaim is reversed and remanded for a trial upon the counter-claim. Costs of this appeal are adjudged against appellee.