**VELASCO DRAINAGE DISTRICT OF BRA-ZORIA COUNTY, Texas, also known as Brazoria County Drainage District No. 2, Appellant,**

v.

**Fred A. BROCK, Jr., et al., Appellees.**

No. 14206.

Court of Civil Appeals of Texas.

Houston.

Nov. 14, 1963.

Sam Bass, Freeport, and Vinson, Elkins, Weems & Searls, Victor W. Bouldin, Houston, for appellant.

William J. Knight, Jr., and W. David Evans, Angleton, for appellee.

WERLEIN, Justice.

Appellant, Velasco Drainage District of Brazoria County, Texas, also known as Brazoria County Drainage District No. 2, brought suit against appellees, Fred A. Brock, Jr., and Mrs. Caroline Adriance Finch and her husband, Hubert Bruce Finch, Jr., to condemn an easement over and across appellees' land in Brazoria County for the construction and maintenance of a flood protection levee.

On September 21, 1962 the trial court entered its judgment upon the jury verdict, condemning the easement and awarding the owners damages. No appeal was taken from such judgment. Thereafter, however, on the same day, the owners of the land, who are appellees on this appeal, filed what they denominated "Defendants' Motion to Dismiss", in which motion they asserted that neither the Commissioners who had been appointed by the court nor the court ever acquired jurisdiction to hear and determine the condemnation proceedings for the reason that the description of the land over which appellant sought to acquire an easement in such proceedings, as contained in its condemnation complaint, was fatally defective and did not describe any land

whatever. In such motion to dismiss the eminent domain proceedings in their entirety, appellees set out the description of the land, being the same description contained in appellant's condemnation complaint, as follows:

"Said land being a part of the Hollie Bryan Perry 70 acre track out of the Jared E. Groce League, Abstract No. 66, and the 753 acre tract out of the S. F. Austin League, Abstract No. 21, Brazoria County, Texas, described as follows:

"Being a strip of land 200 feet in width lying along the south side of and being parallel and adjacent to the south bank of Oyster Creek, extending from a point where the east line of said 70 acre tract intersects the water's edge at the south bank of Oyster Creek;

"Thence upstream in a westerly and southwesterly direction a distance of approximately 4900 feet, more or less, along the said water's edge of said Oyster Creek and with the meanders of said Oyster Creek to the west line of said 753 acre tract, said line also being the east line of a 10 acre tract of the Lawrence Dolly estate, said 200 feet wide easement remaining in its entire length parallel and adjacent to said Oyster Creek, containing 22.5 acres of land, more or less."

Appellant duly filed its answer to appellees' motion to dismiss. Thereafter, on October 17, 1962, there came on to be heard before the trial court said motion to dismiss. No action, however, was taken by the court until January 15, 1963, when the court entered an order, the pertinent part of which recites:

"* * * and all parties announced ready and the court having read the pleadings, and understood the same, and having heard the evidence and argument of counsel, finds that neither the Commissioners heretofore appointed by this Court, nor this Court, ever

acquired jurisdiction to hear and determine this eminent domain proceeding for the reason that the description of the land over which Plaintiff seeks to acquire an easement in these eminent domain proceedings, as contained in Plaintiff's condemnation complaint, and the judgment of this Court heretofore rendered thereon, is fatally defective and fails to describe any land whatsoever, and is insufficient as a legal description of any kind whatsoever. Therefore, it is the opinion of this Court that this eminent domain proceeding should be dismissed in its entirety.

"It is, therefore, ORDERED, ADJUDGED and DECREED by this Court that this eminent domain proceeding be and it is hereby dismissed in its entirety at Plaintiff's cost."

This appeal is from said order. In such order it is recited that the court heard evidence and argument of counsel. There is no statement of facts or findings of fact or conclusions of law filed by the court with respect to any hearing of said motion to dismiss the condemnation proceedings.

■■ We have carefully considered the description of the easement sought to be condemned, and have concluded that the description as contained in the condemnation complaint and on the face of the record is not patently defective and that the judgment of the court entered September 21, 1962 is not void insofar as the record reflects. The fact that the court found it necessary to hear evidence, as recited in its order dismissing the proceedings, in order to decide whether the description was defective, is corroborative of the fact that insofar as the record reflects the description of the property is good. The trial court in entering its judgment of September 21, 1962, necessarily decided all issues before it, including the sufficiency of the description. Its jurisdiction would not have been affected by a wrong decision since jurisdiction to decide includes the power to make a wrong, as well as a correct, decision. Martin v. Sheppard, 1947, 145 Tex. 639, 201 S.W.2d 810.

It follows that the record on its face does not show that neither the Commissioners nor the court had jurisdiction over the condemnation proceedings because of any defect or inadequacy in the description of the property sought to be condemned. The trial court had jurisdiction over the proceedings and the parties and had the judicial power to pass upon the validity of the description and to determine whether or not the evidence introduced by appellees at the trial with respect to the changes in the water's edge of Oyster Creek due to the rise and fall of the water line resulting from tides and rainfall, rendered the description of the property in question so uncertain that a surveyor could not go upon the land and identify the easement being condemned. The court rested its finding of the inadequacy of the description of the property, when hearing appellees' motion, upon evidence adduced at such hearing, and not upon the validity vel non of the description as it appears on the face of the record.

■■■ We are of the opinion that under Rule 329-b, Texas Rules of Civil Procedure, and the interpretation thereof by our Supreme Court in McEwen v. Harrison, 1961, Tex., 345 S.W.2d 706, the trial court had no judicial power on January 15, 1963 to set aside its final judgment entered on September 21, 1962. Appellees do not contend that their motion to dismiss may be treated as a bill of review. At the time it was filed, the court's judgment had not become final and a bill of review was not available. Moreover, the motion does not contain allegations denying lack of diligence and the existence of a meritorious defense, which are generally indispensable to a bill of review unless the judgment is void on the face of the record. 34 Tex. Jur.2d, p. 92, Judgments, §§ 226 and 227; Smith v. Hine Pontiac. Co., Tex.Civ.App., 328 S.W.2d 919, writ ref.

**570**

If such motion may be treated as a motion for new trial, it was overruled by operation of law on November 5, 1962, which was the 45th day after its filing. Rule 329–b, T.R.C.P.; McEwen v. Harrison, supra; Riggs v. Bartlett, Tex.Civ. App., 286 S.W.2d 669, writ ref., n. r. e. Hence the judgment of September 21, 1962 became final on December 5, 1962, which was the 30th day after appellees' motion was overruled by operation of law. Rule 329–b, Subsection 5; McEwen v. Harrison, supra; Starr County, Texas v. Guerra, Tex.Civ.App., 282 S.W.2d 304; Bradford v. Barnett, Tex.Civ.App., 285 S.W.2d 252, writ ref., n. r. e. Since the first judgment became final on December 5, 1962, the trial court lost jurisdiction on that date to take any further action with respect to the motion to dismiss. Hence its order entered on January 15, 1963, purporting to set aside the judgment of September 21, 1962 and to dismiss the condemnation proceedings, is totally void. Rule 329–b, T.R.C.P.; Lucchese v. Specia, Tex.Civ.App., 281 S.W. 2d 725, error ref.

The court, in the McEwen case, distinguishes such cases as Consolidated Underwriters v. McCauley, Tex.Civ.App., 320 S.W.2d 60, writ ref., n. r. e., where the record shows that the court had no jurisdiction whatever to render the judgment sought to be set aside. In the McCauley case the record showed that the state district court had no jurisdictional power to render the judgment because the case had been previously removed to a United States district court where it was pending at the time the state court undertook to enter its judgment.

We hold that the trial court had no judicial power or jurisdiction on January 15, 1963 to set aside its final judgment entered September 21, 1962. It follows, therefore, that the order entered by the trial court, from which this appeal is taken, is void and that the judgment entered by the court on September 21, 1962 remains in full force and effect.

The judgment of the trial court entered January 15, 1963 is reversed and the cause remanded with instructions that the trial court set aside and vacate such judgment and reinstate its judgment entered September 21, 1962.

Reversed and remanded with instructions.