HILATEX, INC., et al., Appellants,

v.

The STATE of Texas, Appellee.

No. 14742.

Court of Civil Appeals of Texas.

Houston.

March 17, 1966.

Rehearing Denied April 7, 1966.

Schwartz & Withers, J. Michael Liles, Galveston, for appellants.

Waggoner Carr, Atty. Gen., Hawthorne Phillips, T. B. Wright, Carroll R. Graham, Robert D. McGee, Daniel K. Trevino, Asst. Attys. Gen., Austin, for appellee.

COLEMAN, Justice.

■ This is an appeal from the judgment entered in a condemnation suit. The question for decision is the effect to be given an order setting aside a previous order granting appellants a new trial.

This case was tried to a jury only on the issue of damages. Judgment was duly entered on the jury verdict. Appellant filed its motion for new trial and amended motion for new trial. By written agreement of the parties the decision on the amended motion for new trial was postponed to a day certain. Prior to this date the original judgment was corrected by a judgment nunc pro tunc. While a hearing on the amended motion for new trial was had on the agreed date, September 2, 1965, the court did not act on the motion until September 16, 1965. At that time he entered an order overruling the motion for new trial, but added thereto the following:

"provided however, that the Court being of the opinion that the Court's instruction to the jury concerning Defendants' witnesses testimony may have unduly prejudiced Defendants case, it is further ordered and decreed that the Court on its own motion hereby grants Defendant Hilatex, Inc., et al a new trial, and the same is specially set for hearing Monday, Oct. 4, 1965 at 9:30 A.M.

"Entered September 16, 1965."

The State filed a motion to set aside the order granting a new trial for the reason that the order was entered after the motion for new trial had been overruled as a matter of law on September 2, 1965, by virtue of Rule 329b, Texas Rules of Civil Procedure. On September 23, 1965, this motion was heard by the court and the following order was entered:

"Came on to be heard this 23rd day of September, 1965 the motion by Plaintiff, the State of Texas, acting by and through the Attorney General to set aside the order of this court entered on September 16, 1965, granting Defendants, Hilatex, Inc., et al., a new trial, and

"It appearing to the Court that this Court has lost jurisdiction of this case by operation of law;

"Now, therefore, it is hereby ordered, adjudged and decreed that the order granting a new trial to defendants, Hilatex, Inc., et al., on September 16, 1965 is set aside, and be further ordered, adjudged and decreed that if this Court had retained jurisdiction to enter the order of September 16, 1965, granting defendants a new trial, the motion of the State filed on September 23rd, 1965 to set aside the order granting a new trial would have been denied by this Court."

In its brief the State concedes that on September 16, 1965, the trial court had jurisdiction of the case and had the power to grant a new trial on its own motion. An examination of the transcript discloses that the court retained jurisdiction of the cause until a date subsequent to the order of September 23, 1965. Velasco Drainage District of Brazoria County, Texas v. Brock, Tex.Civ.App., 372 S.W.2d 567; Rhodius v. Miller, Tex.Civ.App., 139 S.W.2d 316, error dism., judg. cor.

The only question presented, therefore, is the effect to be given the order of September 23. It is clear from the recitations contained therein, that the order was entered by the judge because of his erroneous opinion that he had lost jurisdiction of the case on September 16 and that the order entered on that date was void.

It is appellants' contention that the order of September 23 should be construed as a whole and that so construed "it is clear that the trial court was informing the appellate court that upon a determination that the trial court had jurisdiction of the case on September 16, 1965, that appellants would have been granted a new trial."

■ If we should determine that the trial court intended to, and did, enter a

conditional order, that is, an order which in effect says: "If I did not have jurisdiction to render the order of September 16, I hereby set it aside," the order is void for indefiniteness. An order which is so uncertain as to require fact findings of a court or jury to determine the relief it grants is void. Burrage v. Hunt Production Co., Tex.Civ.App., 114 S.W.2d 1228, error dism.; Steed v. State, 143 Tex. 82, 183 S.W.2d 458.

However we do not believe we can construe this order in that fashion. The court first set aside the order of September 16, and then decreed that if it had retained jurisdiction of the case so that it could have granted a new trial, it would have done so. The last portion of this order, though couched in the form of a decree, is too uncertain and indefinite to form the basis for relief of any kind.

If it contemplates further judicial action, it is not final. Loper v. Hosier, Tex. Civ.App., 148 S.W.2d 889, error dism., judg. cor. If further judicial action is not contemplated, it is so indefinite that ministerial officers cannot ascertain the rights thereby created without ascertaining facts and the applicable law. In that event the order is void. Steed v. State, supra; Sellman v. Lee, 55 Tex. 319.

■ It has been held that a judgment may be valid in part and void in part where the valid portion is not so dependent on the invalid portion as to fall with it. Kubena v. Hatch, 144 Tex. 627, 193 S.W.2d 175; Missouri-Kansas-Texas R. Co. of Texas v. Pluto, 138 Tex. 1, 156 S.W.2d 265.

■ This order sets aside the order granting a new trial and then states a reason for doing so. It is conceded that an examination of the undisputed facts and an application of the pertinent procedural rules demonstrates that the cited reason did not exist. The reason given by the court for his action is not an essential part of the order and may be disregarded.

Volkmer v. Chase, Tex.Civ.App., 354 S.W.2d 611.

■ Even though the court was mistaken as to the facts or the law, or both, the action he took was exclusively within his discretion. This Court may not grant a new trial except for error committed in the trial of the case, or subsequent proceedings in the trial court, which was calculated to cause the rendition of an improper judgment, and which has been properly preserved for the consideration of this Court. No point has been presented complaining of any alleged error that might have affected the judgment actually entered and from which the appeal is taken. The fact that except for the mistake of the trial court, he would have given appellant a new trial, in which event appellants might have secured a more favorable verdict, is not such a denial of their rights as was reasonably calculated to cause the rendition of an improper judgment within the purview of Rule 434, T.R.C.P.

Our attention has been directed to the case of Fulton v. Finch, 162 Tex. 351, 346 S.W.2d 823, holding that where a motion for new trial was granted within the 45 day period prescribed by Rule.329b, subd. 3, the order granting the new trial could not be set aside after that period had terminated.

■ In this case the motion for new trial was overruled by operation of law prior to the date on which the order of the court was entered. As pointed out in Fulton v. Finch, supra, when the motion for new trial is denied the judgment does not become final until 30 days thereafter. The trial court, therefore, had jurisdiction to enter his order granting a new trial, but since the 30-day period provided in Rule 329b, subd. 5 began prior to the time this order was entered, the court retained jurisdiction to set it aside on September 26, since the 30-day period had not then expired.

The judgment is affirmed.