## OCEAN ACCIDENT & GUARANTY CORPORATION, Limited, v. McCALL et al.*

### No. 1289—5763.

Commission of Appeals of Texas, Section B.

Jan. 6, 1932.

Baker, Botts, Parker & Garwood, of Houston, Tom Scurry, of Dallas, and H. Malcolm Lovett, of Houston, for plaintiff in error.

John D. McCall and Howth, Adams & Hart, all of Beaumont, for defendants in error.

SHORT, P. J.

The nature and the result of this litigation, up to the time it reached the Court of Civil Appeals, is thus stated by Associate Justice Walker of that court in the opinion rendered: "This suit was filed in the district court of Jefferson county as an appeal from a final award of the Industrial Accident Board awarding appellee McCall an operation and compensation for 401 weeks for total permanent incapacity. Appellee, by the usual cross-action, plead a permanent total incapacity, and prayed for a lump sum settlement. He also plead the facts of the operation, and prayed for recovery for the necessary expense of the operation. The jury found in appellee's favor all issues submitted to it, and judgment was accordingly entered for compensation at $20 per week for 401 weeks, less 26 weeks that appellant had previously paid, which was reduced to a lump sum, and for the additional sum of $515.50 as the expense of the operation." 25 S.W.(2d) 653.

The Court of Civil Appeals affirmed the judgment of the district court but made an order that no execution issue in favor of the defendants in error for the sums aggregating $515.50, representing certain expenses for which the testimony shows the defendants in error had not paid, until they should file with the clerk of the district court of Jefferson county an agreement of the persons to whom these items are owing, releasing the plaintiff in error from all liability thereon.

The transcript in this case covers more than 300 pages. The court submitted to the jury, on its own motion, 40 special issues, which were answered, and 6 special issues at the request of the plaintiff in error, which were answered, all, as stated by the Court of Civil Appeals, favorable to the defendant in error.

The application for the writ of error contains 28 assignments of error. We have considered all of these assignments and have reached the conclusion that all of them ought to be overruled, except 2, and we have necessarily reached the conclusion that the opinion of the Court of Civil Appeals properly declares the law of the case and fully disposes of all matters except those which we shall discuss. The Supreme Court granted the application on the first and second assignments of error, both of which relate to the same subject matter; the first being as follows: "The trial court erred in rendering judgment for the payment of compensation in a lump sum, no issue having been submitted to or passed upon by the jury upon which to base the judgment."

■■ We sustain this assignment of error. The defendant in error sought to recover compensation payable in a lump sum, having pleaded that manifest injustice and hardship would result if such recovery be not granted. The court did not submit an issue on this subject to the jury, neither party asking its submission. The only testimony relating to the question of manifest hardship and injustice on the question of a lump-sum settlement was the testimony of the defendant in error A. McCall, the alleged injured employee. The trial judge assumed the prerogative to declare that the material allegations of the pleading of the defendants in error on this subject were sustained by this testimony of the injured employee. Whether manifest hardship or injustice would result to the defendant in error A. McCall was not only an independent issue, but in order for the defendants in error to recover a judgment for a lump sum the material allegations of his petition on this subject were necessary to be established by him as facts, the burden of proof of which rested upon him, under the issue made by a general denial. In other words, the defendant in error A. McCall was not entitled to a judgment for a lump sum until a jury had passed upon the testimony introduced in evidence by him, in support of his allegation on that subject. It is provided, among other things, by article 8306, § 15, R. S. 1925, that "in special cases where in the judgment of the board manifest hardship and injustice would otherwise result, the board may compel the association in the cases provided for in this section to redeem their liability by payment of a lump sum as may be determined by the board." In the case of Texas Employers' Insurance Association v. Wright, 4 S.W.(2d) 31, 32, this section of the Commission, speaking through Judge Speer, discussing this provision of the law, among other things says: "The propositions asserted * * * are to the effect, first, that in order to authorize a lump sum settlement it is necessary for the claimant to allege and prove that his is a 'special case,' and that 'manifest hardship and injustice would otherwise result' unless such lump settlement is awarded; second, that the association was entitled to a determination of this matter by the jury." In discussing these propositions it was said in that case: "There was a jury trial, and the cause was submitted upon special issues. The issue of the right to a lump sum payment was not submitted, nor was it re-

quested by either party to be submitted. Being as it was an independent issue not submitted nor requested to be submitted in whole or in part, it was waived by the plaintiff, and the trial court had no authority to render judgment thereupon for the complainant." Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084; Bulin v. Smith (Tex. Com. App.) 1 S.W. (2d) 591.

■ There are other cases on this subject of later date than the one from which the above quotation is taken, all of which are in harmony with the holdings in the Wright Case on this subject, and it is now the settled rule that in order to authorize a judgment for a lump-sum settlement, in cases of this character, it is necessary for the claimant to allege and prove that his is a special case and that manifest hardship and injustice would otherwise result unless such settlement is awarded, and that where there is a jury impaneled to try the issues the association carrying insurance for the employer is entitled to a determination of this matter by the jury and this, too, notwithstanding the association may not request the trial court to submit the issue to a jury.

We recommend that the judgments of the trial court and of the Court of Civil Appeals be reversed, and that the cause be remanded to the district court of Jefferson county with instructions to enter a judgment against the plaintiff in error as of date the district court shall act in the premises, for the amount which shall have accrued to the defendant in error A. McCall under the findings of fact by the jury, with 6 per cent. interest on each weekly installment from the date it accrued, adjudging, however, out of said sum so recovered, in favor of the attorneys of record of the defendant in error such part of the sum so recovered as the record shows said attorneys to be entitled to receive; and shall also enter a judgment against the plaintiff in error in favor of the defendant in error A. McCall for the sum of $20 to be due and payable one week from the date of the judgment and $20 for each succeeding week thereafter, until the sum total of these weekly installments shall amount to whatever sum the court shall determine has not accrued at the time the judgment shall have been rendered under the findings of fact by the jury, providing, however, that out of said weekly payments the attorneys of record for the de-

fendant in error shall be adjudged to be entitled to receive their proportionate sum, according as the record shall disclose said attorneys are entitled, the purpose of this holding being to set aside altogether the judgment rendered for a lump sum and to direct the district court to enter a judgment as of date the judgment shall be entered for the sums shown to be recoverable by the defendant in error, subject to the interest therein of his attorneys of record. The district court is further instructed to enter a judgment against the plaintiff in error, and in favor of the defendant in error A. McCall. for the sum of $715 without any interest, but providing that no execution shall issue for said last-named sum, unless the persons mentioned in the opinion of the Court of Civil Appeals, as having rendered said services and furnished said medicine, shall have filed with the clerk of the district court of Jefferson county each an agreement duly authenticated, releasing the plaintiff in error from all liability thereon, within such time from the date of the judgment as the district court shall indicate, which judgment shall provide further that in the event said agreement shall not have been filed within said time, said judgment for $515.50 shall become null and void by reason of that fact.

■ Because the record in this case is unnecessarily voluminous, and because the district court made no error in the trial of the case, except the one we have pointed out in this opinion, and because most of the record in this case related to matters which were properly decided by the district court, we recommend that the costs incurred in the district court be divided equally into two parts, one of which shall be adjudged against the plaintiff in error, and the other against the defendants in error, and that all the costs incurred in the Court of Civil Appeals and the Supreme Court be adjudged against the defendants in error.

CURETON, C. J.

Judgments of the trial court and the Court of Civil Appeals reversed, and the cause remanded with instructions, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.