The CITY OF BOWIE, Texas, Appellant,

v.

Fred FORD et al., Appellees.

No. 15801.

Court of Civil Appeals of Texas.

Fort Worth.

March 29, 1957.

Bullington, Humphrey, Humphrey and Fillmore and H. W. Fillmore, Wichita Falls, for appellant.

T. B. Coffield and Joe H. Cleveland, Bowie, for appellees.

RENFRO, Justice.

The City of Bowie, on May 9, 1955, acting under the provisions of Title 52, Art. 3264 et seq., Vernon's Ann.Civ.St., filed its petition to condemn certain land belonging to Fred Ford and T. B. Coffield. The Commissioners, on September 4, 1956, made their award in the sum of $7,958.80. Both plaintiff City and the defendants timely filed their objections to the award.

The City paid the amount of the award into court on September 13, 1956. On October 1, 1956, the court, on motion of defendants and over objections of plaintiff, entered an order directing the plaintiff to pay an additional sum of $594.75, being interest on the amount of the award from the date of the institution of condemnation

proceedings to date of the order, and enjoined plaintiff from entering into possession of the premises until such sum of interest was paid.

The case has not been tried in the county court.

■ The filing of objections converted the condemnation proceedings into a cause of action pending in the county court to be tried and determined as in other civil causes therein. Art. 3266, subd. 6, V.A.C.S.; Milam County v. Akers, Tex.Civ.App., 181 S.W.2d 719; City of El Paso v. Ward, Tex.Civ.App., 213 S.W.2d 726; Kennedy v. City of Dallas, Tex.Civ.App., 201 S.W.2d 840; Thompson v. Martin County, Tex.Civ. App., 247 S.W.2d 585; Fitzgerald v. City of Dallas, Tex.Civ.App., 34 S.W.2d 682; American Telephone & Telegraph Co. v. Peurifoy, Tex.Civ.App., 242 S.W.2d 233.

■ When the objections were timely filed, the award of the Commissioners was vacated, and the court could not enter a judgment based thereon. 16 Tex.Jur., p. 723; Lower Colorado River Authority v. Burton, Tex.Civ.App., 170 S.W.2d 783; City of Houston v. Susholtz, Tex.Civ.App., 22 S.W.2d 537, affirmed, Tex.Com.App., 37 S.W.2d 728. The court had no authority to order plaintiff to pay interest on the vacated award.

■ Under the provisions of Art. 3268, the plaintiff, a municipality, had the right to take possession of the property sought to be condemned upon depositing into court, subject to the order of the defendants, the amount of the Commissioners' award and cost. The plaintiff did all the statute required it to do prior to taking possession.

The law does not require the condemnor to pay interest on the award as a condition precedent to taking possession.

Since the plaintiff had complied with the statute, the trial court was without authority to enjoin it from entering the property without first paying interest on the amount of the award from the institution of the proceedings.

The defendants seek to sustain the trial court's order on the holding in Harris County Flood Control District v. King, Tex. Civ.App., 221 S.W.2d 361. In that case, however, the court allowed interest in the final judgment and did not, as did the court herein, require payment of interest as a prerequisite to the condemnor's taking possession.

In the instant case there is no judgment, to this point, upon which interest can be fixed for any period of time. The amount of the Commissioners' award was deposited into court by plaintiff, not as a payment of said award but in compliance with the law permitting it to go into possession of the property condemned pending final determination of the condemnation proceedings.

The injunction deprived plaintiff of a right expressly given it by statute, that is, the right to enter into possession of the condemned property upon the deposit of an amount equal to the Commissioners' award.

It was error to order the plaintiff to pay said $594.75 into court. The granting of the injunction denying plaintiff the right of possession until said sum was paid was an abuse of discretion calling for reversal.

The judgment of the trial court is reversed and the injunction dissolved.