Stephen B. LONGINO, Jr., et ux., Betty Longino, Appellants,

v.

The STATE of Texas et al., Appellees.

No. 85.

Court of Civil Appeals of Texas.

Tyler.

Jan. 7, 1965.

Rehearing Denied Jan. 28, 1965.

**902**

G. C. Harris, Greenville, Howard S. Smith, Sulphur Springs, for appellants:

Waggoner Carr, Atty. Gen. of Texas, Fred M. Talkington, Asst. Atty. Gen., Austin, Joe N. Chapman, Sulphur Springs, for appellees.

MOORE, Justice.

This is an eminent domain proceeding brought by the State of Texas against Stephen B. Longino, Jr. and wife, Betty Longino, seeking to condemn certain lands involving their home which was situated within the city limits of the city of Sulphur Springs. The condemnation proceedings were duly instituted by the State of Texas on February 27, 1961, and thereafter the Special Commissioners made their award on the 24th day of March, 1961, awarding the condemnees the sum of $11,211.27. Within ten days the State timely filed its objections to the award in the County Court of Hopkins County alleging the amount of the award to be excessive. Condemnees made no objection to the award and made no attempt to appeal to court. After the filing of its objections in the County Court, condemnor, The State of Texas, duly and timely caused citation to issue and be served upon condemnees notifying them of its objections and appeal to the court. Condemnees then timely filed their answer alleging the damages awarded by the Special Commissioners to be inadequate, praying judgment for a much greater amount. The case was ultimately set for a jury trial on March 16, 1964. The State did not make a deposit of the amount of the award into the registry of the court, nor take possession of the property prior to the date of trial. When the case was called for trial, condemnor, The State of Texas, filed a written motion requesting the court to summarily dismiss its objections to the award and to enter judgment based upon the award. The motion alleged that after study, the State had concluded that the amount theretofore awarded was fair and equitable and that

it therefore desired to dismiss its objections thereto, and further alleged that since the condemnees had failed to file any objections to the award, a dismissal by the State of its objections would cause the award of the Commissioners to become final and thus entitle the State to a judgment based upon the award. After a hearing, the court granted the State's motion to dismiss its objections and entered judgment based upon the award, thereby denying condemnees a trial de novo in the County Court. On the same date the State deposited the amount of the award into the registry of the court. From the order and the judgment of the court, condemnees, Stephen B. Longino, Jr. and wife, Betty Longino, have prosecuted this appeal.

It is the contention of the appellants-condemnees that once the State elected to file objections and prosecute an appeal to the County Court, the State thereafter had no right to dismiss such objections and thereby withdraw its appeal before the cause was tried in the County Court and to have the award affirmed by judgment and payment of the amount thereof, even though the condemnees failed to object to the award or appeal therefrom. Condemnees contend that an appeal by either condemnor or condemnee converts the original condemnation proceedings into a cause of action, lodging jurisdiction thereof in the County Court where it must be tried and determined as any other civil cause, and that a dismissal thereof by the court without just cause amounts to an abuse of discretion. We sustain this contention.

The situation presented here is not one wherein the State sought to dismiss its cause of action or to take a voluntary nonsuit and completely abandon its condemnation proceedings, nor did the State seek to dismiss the appeal on grounds of abandonment. On the contrary, the State's motion sought only to dismiss or withdraw the objections to the award. In other words, the State sought to have the appeal it had perfected to the County Court determined

there by an order substituting in its place an affirmance of the Commissioners' award, without a trial de novo, and without any disposition of condemnees' cross-action for their claim for damages in excess of the award, based upon the proposition that only the appealing party has a right of a trial, and since condemnees failed to object to the award on appeal therefrom, they waived their right of a trial in the County Court.

The statutes governing procedure in condemnation cases after an award by Special Commissioners is to be found in Sections 6 and 7, Art. 3266, Vernon's Ann.Tex.St. which provide as follows:

"6. If either party be dissatisfied with the decision, such party may within ten days after the same has been filed with the county judge file his objection thereto in writing, setting forth the grounds of his objection, and thereupon the adverse party shall be cited and the cause shall be tried and determined as in other civil causes in the county court.

"7. If no objections to the decision are filed within ten (10) days, the County Judge shall cause said decision to be recorded in the minutes of the County Court, and shall make the same the judgment of the court and issue the necessary process to enforce the same."

■ It is apparent to us, both from the wording of these two sections of the Statute, as well as from prior constructions thereof, that the filing of objections by either party has the effect of converting the condemnation proceedings into a cause of action pending in the County Court which must then be tried and determined as other civil cases. Milam County v. Akers, (Tex.Civ.App.) 181 S.W.2d 719; City of Bowie v. Ford, (Tex.Civ.App.) 300 S.W.2d 671; Culligan Soft Water Service v. State of Texas, (Tex.Civ.App.) 385 S.W.2d 613; 22 Tex.Jur.2d, para. 259, p. 372.

The filing of objections by either party in the County Court serves to vacate and set aside the award of the Commissioners. City of Houston v. Susholtz, (Tex.Civ.App.) 22 S.W.2d 537, affirmed, (Tex.Com.App.) 37 S.W.2d 728; Kennedy v. City of Dallas, (Tex.Civ.App.) 201 S.W.2d 840; Culligan Soft Water Service v. State of Texas, supra; 22 Tex.Jur.2d, p. 372, para. 259. Jurisdiction having been thus transferred to the County Court, it was wholly unnecessary for the condemnees to file any objection in the County Court where the adverse party had, within the time required by law, filed its objection of dissatisfaction to the award, thus perfecting the appeal as to both parties.

"A condemnation suit in the county court is a special proceeding and determines only the issues of the right to condemn and the amount of the damages. The trial in the county court is a de novo appellate proceeding. State v. Nelson, 160 Tex. 515, 334 S.W.2d 788." Elliott v. Joseph, 163 Tex. 71, 351 S.W.2d 879; Kennedy v. City of Dallas, supra; Milam County v. Akers, supra.

After the State invoked the appellate jurisdiction of the court, appellants-condemnees joined the issue on damages by filing therein an answer containing a cross-claim wherein they sought damages for twice the amount of the award.

We therefore hold that where either party in a condemnation proceeding properly perfects an appeal to the County Court and the opposite party thereafter properly joins issue, neither party has a right, without the consent of the other, to withdraw the appeal and to proceed to judgment based on the award of the Commissioners. The Statute contemplates a right of a trial by the court and jury on the issue of damages as well as the right to condemn, provided such issues are properly raised, and this right cannot be destroyed by the action of the opposite party. City of Houston v. Susholtz, supra; McElyea v. Parker, 125 Tex. 225, 81 S.W.2d 649; Brazos River Conservation & Reclamation Dist. v. Allen, 141 Tex. 208, 171 S.W.2d 842; Rule 96, Texas Rules of Civil Procedure; Schuylkill River East Side R. Co. v. Harris, 124 Pa. 215, 16 A. 838; 30 C.J.S. Eminent Domain § 359, p. 44. We think, therefore, that the trial court was in error in allowing the appeal to be withdrawn and in confirming and entering judgment on the award of the Commissioners.

It is only in situations where (1) no objections were filed by either party or (2) where there has been an abandonment of the appeal that the county court has authority to enter judgment on the award. Denton County v. Brammer, Tex., 361 S.W.2d 198; Pearson v. State, 159 Tex. 66, 315 S.W.2d 935; City of El Paso v. Ward, (Tex.Civ.App.) 213 S.W.2d 726; Culligan Soft Water Service v. State of Texas, supra; 22 Tex.Jur.2d p. 366, para. 252.

The judgment is reversed and the cause remanded.