M. L. SMITH et ux., Appellants,

v.

The STATE of Texas, Appellee.

No. 14508.

Court of Civil Appeals of Texas.

Houston.

March 4, 1965.

Rehearing Denied March 25, 1965.

Jonn Benn, Houston, for appellants.

Waggoner Carr, Atty. Gen., Hawthorne Phillips, Stanton Stone, T. B. Wright, Watson C. Arnold, Carroll R. Graham, Daniel K. Trevino, Asst. Attys. Gen., Austin, for appellee.

COLEMAN, Justice.

This is an appeal from a judgment entered in a condemnation suit. The trial court permitted the State to withdraw its objections to the award made by the Special Commissioners and thereafter entered judgment on that award over the protest of appellant, who did not file objections to the award within the statutory period.

While condemnees did not file objections to the award within the statutory period, they did file a pleading in the case, before the State filed its request to withdraw its objections to the award, in which they alleged that the value of the land condemned was of a reasonable value greatly in excess of the sum awarded by the Commissioners, and in which they prayed that the State be cited as required by law and that they recover their just damages and costs.

This pleading constitutes a claim for affirmative relief. Thomason v. Sherrill, 118 Tex. 44, 10 S.W.2d 687; Northern Texas Traction Co. v. City of Polytechnic, Tex. Com.App., 236 S.W. 73. Under the Rules of Civil Procedure applicable to ordinary civil cases, a party may take a non-suit, but he shall not thereby prejudice the right of an adverse party to be heard on his claim for affirmative relief. Rules 96 and 164, Texas Rules of Civil Procedure; Cross v. B. & B. Growers and Packers, Inc., S.A. Tex:Civ.App., 364 S.W.2d 450.

The judgment entered by the trial court recited that on the 12th day of June, 1964,

there came on to be heard the motion of the State of Texas to withdraw its objections to the award of the Special Commissioners and to enter judgment on said award, and, after making certain findings of fact, "Ordered, Adjudged and Decreed that the objections to the Award of the Special Commissioners previously filed herein by the State of Texas, be, and the same are hereby withdrawn and stricken from the record and Judgment is Ordered entered on the Special Commissioners' Award previously filed herein."

The judgment continued to decree that "fee simple title and writ of possession issue for the State of Texas to recover from the Defendants possession of the property described as follows:" [A description of the land condemned] and that the defendants recover from the State of Texas the sum of $12,500.00, but that since it appeared that the defendants had withdrawn the award, "it is Ordered that this judgment has been fully satisfied and that execution shall issue." Costs were adjudged against the State.

Appellant has assigned error to the action of the court in permitting the State of Texas to withdraw its objections to the Commissioners' award, and entering judgment on said award.

The Supreme Court of Texas has held that we have no jurisdiction to entertain an appeal from a judgment entered by the County Judge under the authority given him by Section 7, Art. 3266, Vernon's Ann. Tex.Civ.St., since it is not a judgment entered in a civil case. Pearson v. State, 159 Tex. 66, 315 S.W.2d 935.

While the motion filed by the State, on which the court purported to act, did not specifically request that it be permitted to take a non-suit, under Rule 164, T.R.C.P., or to discontinue its suit, under Rule 96, T.R.C.P., it did seek to have the pleading by which it invoked the jurisdiction of the court stricken from the record. The State of Texas contends, and the trial court impliedly held, that on striking the objections

filed by the State of Texas, the record would show only the objections filed by condemnee, which were filed after the statutory period had ended and conferred no jurisdiction on the County Court under Sec. 6, Art. 3266, V.A.T.S., and, therefore, no cause pended in the court and the county judge had the ministerial duty of entering judgment on the award under Section 7 of that Article.

Section 6 of Art. 3266, supra, provides that if either party is dissatisfied with the award of the Commissioners, that party may file his objections thereto with the County Judge in writing, "and thereupon the adverse party shall be cited and the cause shall be tried and determined as in other civil causes in the county court." Obviously when the State of Texas filed its objections the procedure, previously administrative, became a cause pending in the court. Longino v. State, Tyler, Tex. Civ.App., 385 S.W.2d 901 and cases there cited. While the judgment entered in the County Court did not expressly dispose of this cause, it impliedly dismissed it and, therefore, constituted a final appealable judgment.

Logically, since objections to the award were filed by the State of Texas within the statutory period, the County Judge no longer was authorized by Sec. 7, Art. 3266, supra, to enter a judgment on the Commissioners' award. In Denton County v. Brammer, 361 S.W.2d 198, however, the Supreme Court held that objections to an award, properly filed by the condemnee, were abandoned as a matter of law, reversed a judgment for increased damages, and rendered a judgment *on the award* of the Special Commissioners. The Supreme Court recognized that the filing of the objections to the award "converted the special condemnation proceedings into a suit and invested the county court with jurisdiction of the subject matter of the case." It also recognized that the filing of the objections vacated the award of the Special Commissioners. The court further

held that the condemnor had the burden of proving all the essentials necessary to show a right to condemnation, and of going forward to trial after proper service of citation. It is clear, therefore, that even though an award is vacated by the action of the condemnee in filing his objections, it may be reinstated on the abandonment of his appeal, at least if it was never perfected by having a citation issued and served and condemnor filed no pleading having the effect of waiving citation.

■ It has long been accepted in this State that while a condemning authority has the right to dismiss its action to condemn land under certain conditions, this right ordinarily cannot be exercised to the prejudice of condemnee. Thompson v. Janes, 151 Tex. 495, 251 S.W.2d 953; Brazos River Conservation & Reclamation District v. Allen, 141 Tex. 208, 171 S.W.2d 842. In the case last cited the court said:

"A condemnor has the right to correct its errors, to dismiss its proceeding for condemnation, to abandon the purpose of taking the land, but it may not exercise any of these rights to the prejudice of the landowner.

" * * * the District proceeded so far with the first condemnation suit that it would manifestly be unjust and would certainly be prejudicial to respondents to permit it, against their consent, to dismiss or abandon the suit."

It is the rule in Texas that where either party files a timely appeal to the district court from an award of the Industrial Accident Board and the other party answers, the court will not be deprived of jurisdiction to hear the case by action of the appealing party in taking a non-suit. Republic Underwriters v. Howard, Eastland, Tex. Civ.App., 69 S.W.2d 584, writ dism.; Ocean Accident & Guaranty Corporation v. McCall, Tex.Civ.App., 25 S.W.2d 653, aff'd on this point, Tex.Com.App., 45 S.W.2d 178; Federal Underwriters Exchange v. Read,

138 Tex. 271, 158 S.W.2d 767; Texas Reciprocal Ins. Ass'n v. Leger, 128 Tex. 319, 97 S.W.2d 677.

In a case arising under Sec. 8, Art. 6049c, V.A.T.S., authorizing one dissatified with a proration order of the Railroad Commission to bring suit to test the validity of the order, the Supreme Court of Texas held that, conceding the Commission could not originally have brought the suit, since it was a special statutory action in essence for declaratory judgment, the defendant would be entitled to an adjudication *in that suit* of the controversy presented by the plaintiff. The plaintiff had presented a motion for a non-suit and refused to participate further in the trial. Standard Oil Co. v. Railroad Commission, Tex.Civ.App., 215 S.W.2d 633.

In a divorce case the trial court has jurisdiction to render a judgment granting a divorce to a non-resident on his cross-action despite the fact that the resident plaintiff took a non-suit. Aucutt v. Aucutt, 122 Tex. 518, 62 S.W.2d 77, 89 A.L.R. 1198, opinion adopted.

The Court of Civil Appeals at Tyler, in Longino v. State, 385 S.W.2d 901, opinion by Associate Justice Moore, held:

"We therefore hold that where either party in a condemnation proceeding properly perfects an appeal to the County Court and the opposite party thereafter properly joins issue, neither party has a right, without the consent of the other, to withdraw the appeal and to proceed to judgment based on the award of the Commissioners. The Statute contemplates a right of a trial by the court and jury on the issue of damages as well as the right to condemn, provided such issues are properly raised, and this right cannot be destroyed by the action of the opposite party. City of Houston v. Susholtz, supra [Tex.Civ.App., 22 S.W.2d 537, affirmed Tex.Com.App., 37 S.W.2d 728]; McElyea v. Parker, 125 Tex. 225, 81 S.W.2d 649; Brazos River Con-

servation & Reclamation Dist. v. Allen, 141 Tex. 208, 217, 171 S.W.2d 842, 847; Rule 96, Texas Rules of Civil Procedure; Schuylkill River East Side R. Co. v. Harris, 124 Pa. 215, 16 A. 838; 30 C.J.S. Eminent Domain § 359, p. 44. We think, therefore, that the trial court was in error in allowing the appeal to be withdrawn and in confirming and entering judgment on the award of the Commissioners."

█ The trial court acquired jurisdiction of the subject matter of this suit to condemn land by the filing of objections to the award. Citation was properly issued and served. Condemnee answered, seeking affirmative relief. The State of Texas could not defeat the jurisdiction of the court by withdrawing its objections to the award. The trial court erred in dismissing the cause and the Judge of the County Court was not authorized to enter judgment on the Special Commissioners' award.

Reversed and remanded.