**STATE of Texas, Appellant,**

v.

**Richard S. CARLTON, Sr.; Kay Carlton; and Fayette Savings Association, Appellees.**

**No. 03–94–00517–CV.**

Court of Appeals of Texas, Austin.

June 7, 1995.

Dan Morales, Atty. Gen., Douglas P. Ray, Asst. Atty. Gen., Transp. Div., Autsin, for appellant.

Richard L. McElya, Angleton, for appellees.

Before CARROLL, C.J., and POWERS and KIDD, JJ.

CARROLL, Chief Justice.

On September 30, 1991, the State of Texas instituted eminent domain proceedings to condemn land owned by Richard S. Carlton. The district court appointed three special commissioners who held a hearing and awarded Carlton $119,000 in compensation for the condemned property. *See* Tex.Prop. Code Ann. §§ 21.014–.015 (West 1984) ("Property Code"). Carlton filed his objections to the special commissioners' award with the trial court and caused citation to be served upon the State on November 22, 1991. *See id.* § 21.018. The State deposited the amount of the award with the trial court on November 27, 1991. *See id.* § 21.021(a)(1). On May 12, 1994, after two and a half years of extensive discovery and eleven days before trial, Carlton moved the trial court to withdraw his objections and render judgment on the special commissioners' award. Although the State objected to the withdrawal at a hearing on Carlton's motion, the trial court dismissed Carlton's objections and rendered judgment on the award.

The State appeals this judgment, alleging that the trial court erred in allowing Carlton to withdraw his objections to the special commissioners' award without obtaining its consent and in rendering judgment in the amount of the special commissioners' award. We will reverse the judgment of the trial court and remand this cause for trial.

## DISCUSSION

The State contends that Carlton cannot withdraw his objections to the special commissioners' award without its consent. The State argues that when either party files objections with the trial court, the special commissioners' award is vacated, and both parties' right to a trial de novo in the district court is perfected. Carlton rejoins that the State's failure to properly "join issue" on the amount of the award by filing pleadings with the trial court obviated the need for its consent to the withdrawal of his objections.

Texas has a two-part land condemnation scheme. *See generally Amason v. Natural Gas Pipeline Co.*, 682 S.W.2d 240, 241–42 (Tex.1985). If the parties cannot agree on the value of the condemned property, the party seeking condemnation must file a petition in either the district court or the county court at law. Property Code §§ 21.012–.013. The trial court then appoints three special commissioners who hold an administrative hearing and file in the trial court an award that reflects the value of the condemned land. *Id.* §§ 21.014.–.016. The condemnor must either pay the amount of the award to the condemnee or deposit that amount in the court's registry. *Id.* § 21.021(a)(1). If either party is dissatisfied with the award, that party may file objections in the appropriate court. *Id.* § 21.018(a).[1] After citing the adverse party, the court then tries "the case in the same manner as other civil causes." *Id.* § 21.018(b).

▇ If the condemnee objects to the special commissioners' award, he has the burden of causing the issuance of citation and its service upon the condemnor. *Denton County v. Brammer*, 361 S.W.2d 198, 201 (Tex.1962). Service of citation triggers the condemnor's legal obligation to proceed to trial and prove its right to condemn the property. *Id.* at 200. If the condemnee fails to secure the service of citation on the condemnor within a reasonable time, the trial court should dismiss the objections for want of prosecution and should reinstate the special commissioners' award. *Amason*, 682 S.W.2d at 242 (citing *Brammer*, 361 S.W.2d at 200–01). However, once objections are filed and citation is served on the condemnor, "the Special Commissioners' award cannot be reinstated." *Id.; see also Brammer*, 361 S.W.2d at 200; *State v. Blackstock*, 879 S.W.2d 125, 129 (Tex.App.—Houston [14th Dist.] 1994, writ denied);[2] *Milam v. Akers*, 181 S.W.2d 719, 723 (Tex.Civ.App.—Austin 1944, writ ref'd w.o.m.), *overruled in part on other grounds, State v. Schmidt*, 867 S.W.2d 769 (Tex.1993).

▇ Ultimately, then, the filing of objections coupled with service of citation on the adverse party signals the end of the administrative proceeding and prevents reinstatement of the special commissioners' award.

▇ Carlton advances two main arguments in defense of the trial court's judgment and in support of his right to withdraw his objections. First, having styled his motion a "nonsuit," Carlton claims to have an absolute right to withdraw his objections absent a claim by the State for affirmative relief from the special commissioners' award. *See Hooks v. Fourth Court of Appeals*, 808 S.W.2d 56, 59 (Tex.1991). Carlton relies on the supreme court's statement in *Hooks* that "in the ordinary case . . . a plaintiff has an absolute right to take a nonsuit. In the absence of a claim by a defendant for affirmative relief, a trial judge's refusal to grant the nonsuit violates a ministerial duty. . . ." *Id.* However, Carlton ignores several key

---

**1.** This section provides:
  (a) A party to a condemnation proceeding may object to the findings of the special commissioners by filing a written statement of the objections and their grounds with the court that has jurisdiction of the proceeding.
  (b) If a party files an objection to the finding of the special commissioners, the court shall cite the adverse party and try the case in the same manner as other civil causes.
  Property Code § 21.018.

**2.** In *Blackstock*, the trial court granted the condemnee's motion for sanctions and struck the condemnor's pleadings. The condemnor argued that once its objections were struck, the case reverted back to an administrative case and allowed the entry of the judgment of the special commissioners. The court held that once judicial jurisdiction attached after the filing of objections and the service of citation, the cause could not revert back to an administrative case. *Blackstock*, 879 S.W.2d at 129–30.

facts which distinguish the instant cause from *Hooks*. Under the statutory eminent domain scheme established by the Property Code, the condemnor becomes the plaintiff with the burden of proving its right to condemn even if the condemnee initiates the judicial proceeding by objecting to the special commissioners' award. *Amason*, 682 S.W.2d at 242; *Brammer*, 361 S.W.2d at 200. Consequently, Carlton's position is somewhat analogous to that of a defendant with a counterclaim; even if he withdraws his claim, the court retains jurisdiction, and the plaintiff State may proceed with its case.

■ Furthermore, Carlton was not attempting merely to nonsuit his case or withdraw a counterclaim. By requesting the court to reinstate and render judgment on the special commissioners' award, Carlton sought affirmative relief. A motion seeking affirmative relief is not a motion for nonsuit. *See Hooks*, 808 S.W.2d at 59. Moreover, because citation had been served on the State, the court lacked authority to reinstate and render judgment on the special commissioners' award. *Amason*, 682 S.W.2d at 242.

■ Next, Carlton maintains that the State's failure to contest the amount of the award or formally answer his objections constitutes a failure to "join issue." *See Longino v. State*, 385 S.W.2d 901, 904 (Tex.Civ. App.—Tyler 1965, writ ref'd n.r.e.) ("[W]here either party in a condemnation proceeding properly perfects an appeal ... and the opposite party thereafter properly joins issue, neither party has a right, without the consent of the other, to withdraw the appeal and to proceed to judgment based on the award of the Commissioners."); *see also Smith v. State*, 388 S.W.2d 291, 294–95 (Tex.Civ. App.—Houston 1965, writ ref'd n.r.e.). In both *Longino* and *Smith*, the State as condemnor had filed objections to the commis-

sioners' award and then attempted to withdraw those objections after citation had been served and the condemnees had filed their "answers" to the objections. In *Longino*, the court held that when both parties request affirmative relief on the issue of damages, neither has the right to withdraw the appeal without the consent of the other party. 385 S.W.2d at 904. The *Smith* court also noted the condemnees' answer in holding that the State was subsequently barred from withdrawing its objections. *Smith*, 388 S.W.2d at 294–95.

■ Because they predate *Amason* and are distinguishable on their facts, we disagree with Carlton's interpretation of *Longino* and *Smith* as requiring the condemnor to answer the condemnee's objections to prevent the condemnee from withdrawing its objection and reinstating the special commissioners' award once citation has been served. Those cases involved a condemnor's attempt to withdraw its objections to a special commissioners' award,[3] while here we are concerned with a condemnee's actions. In light of the supreme court's subsequent holding in *Amason*—that the condemnee's filing of objections and service of citation on the condemnor precludes reinstatement of the special commissioners' award—we hold that it is unnecessary for the condemnor to file a responsive pleading to a condemnee's objections to "join issue" on the amount of the award after citation is served. The Property Code requires neither objections from both parties nor responsive pleadings to join issue. The condemnee's filing of objections merely reactivates the suit originally filed by the State and indicates an additional issue for trial on which the State is entitled to rely in its preparations. Having induced the State's reliance on his preservation of the issue of damages for trial, Carlton may not now retreat to the special commissioners' award because he has reassessed his position.[4]

---

**3.** Of course, with certain exceptions, the condemnor may abandon the entire condemnation proceeding before taking possession of the property, or even after taking possession if the landowner is not prejudiced or harmed as a result. *Hooks*, 808 S.W.2d at 60–61. However, to effect such abandonment the condemnor must return the property and may not return to the special commissioners' award once judicial jurisdiction has attached. *See Brazos River Conservation &*

*Reclamation Dist. v. Allen*, 171 S.W.2d 842, 845 (1943); *Blackstock*, 879 S.W.2d at 129–30.

**4.** In fact, even though the condemnee bears the burden of proving the value of the property taken at trial, failure to do so does not entitle the condemnee to the special commissioners' award; in that case the court is constrained to awarding nominal damages. *State v. Jackson*, 388 S.W.2d

## CONCLUSION

We hold that a condemnee who contests the special commissioners' award by filing objections may not withdraw such objections and unilaterally cause the award to be reinstated after service of citation on the condemnor. Because the filing of objections and service of citation by either party perfects the appeal as to both, the adverse party is entitled to rely on the objections as placing in issue the subject of the objections without filing objections of its own. *See Kennedy v. City of Dallas,* 201 S.W.2d 840, 842 (Tex.Civ. App.—Dallas 1947, writ ref'd n.r.e.). Here, the trial court in effect abdicated its jurisdiction and returned this cause to the posture of an administrative case, which it was not authorized to do under the Property Code. *See* Property Code § 21.018(b); *Blackstock,* 879 S.W.2d at 130. Only by subsequently agreeing on an amount could the parties have removed the issue of damages from the case once the appeal contesting the award was duly perfected.

We sustain the State's points of error, reverse the judgment of the trial court, and remand this cause for a trial on the merits.

924, 926 (Tex.1965); 32 Tex.Jur.3d *Eminent Do-*     *main* § 262 (1984).