carlton 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00517-CV







State of Texas, Appellant



v.



Richard S. Carlton, Sr.; Kay Carlton; and Fayette


Savings Association, Appellees







FROM THE DISTRICT COURT OF FAYETTE COUNTY, 155TH JUDICIAL DISTRICT


NO. 91-202, HONORABLE DAN R. BECK, JUDGE PRESIDING








 On September 30, 1991, the State of Texas instituted eminent domain proceedings
to condemn land owned by Richard S. Carlton. The district court appointed three special
commissioners who held a hearing and awarded Carlton $119,000 in compensation for the
condemned property. See Tex. Prop. Code Ann. §§ 21.014-.015 (West 1984) ("Property Code"). 
Carlton filed his objections to the special commissioners' award with the trial court and caused
citation to be served upon the State on November 22, 1991. See id. § 21.018. The State
deposited the amount of the award with the trial court on November 27, 1991. See id.
§ 21.021(a)(1). On May 12, 1994, after two and a half years of extensive discovery and eleven
days before trial, Carlton moved the trial court to withdraw his objections and render judgment
on the special commissioners' award. Although the State objected to the withdrawal at a hearing
on Carlton's motion, the trial court dismissed Carlton's objections and rendered judgment on the
award. 

 The State appeals this judgment, alleging that the trial court erred in allowing
Carlton to withdraw his objections to the special commissioners' award without obtaining its
consent and in rendering judgment in the amount of the special commissioners' award. We will
reverse the judgment of the trial court and remand this cause for trial.



DISCUSSION


 The State contends that Carlton cannot withdraw his objections to the special
commissioners' award without its consent. The State argues that when either party files objections
with the trial court, the special commissioners' award is vacated, and both parties' right to a trial
de novo in the district court is perfected. Carlton rejoins that the State's failure to properly "join
issue" on the amount of the award by filing pleadings with the trial court obviated the need for
its consent to the withdrawal of his objections. 

 Texas has a two-part land condemnation scheme. See generally Amason v. Natural
Gas Pipeline Co., 682 S.W.2d 240, 241-42 (Tex. 1985). If the parties cannot agree on the value
of the condemned property, the party seeking condemnation must file a petition in either the
district court or the county court at law. Property Code §§ 21.012-.013. The trial court then
appoints three special commissioners who hold an administrative hearing and file in the trial court
an award that reflects the value of the condemned land. Id. §§ 21.014.-.016. The condemnor
must either pay the amount of the award to the condemnee or deposit that amount in the court's
registry. Id. § 21.021(a)(1). If either party is dissatisfied with the award, that party may file
objections in the appropriate court. Id. § 21.018(a). (1) After citing the adverse party, the court then
tries "the case in the same manner as other civil causes." Id. § 21.018(b).

 If the condemnee objects to the special commissioners' award, he has the burden
of causing the issuance of citation and its service upon the condemnor. Denton County v.
Brammer, 361 S.W.2d 198, 201 (Tex. 1962). Service of citation triggers the condemnor's legal
obligation to proceed to trial and prove its right to condemn the property. Id. at 200. If the
condemnee fails to secure the service of citation on the condemnor within a reasonable time, the
trial court should dismiss the objections for want of prosecution and should reinstate the special
commissioners' award. Amason, 682 S.W.2d at 242 (citing Brammer, 361 S.W.2d at 200-01). 
However, once objections are filed and citation is served on the condemnor, "the Special
Commissioners' award cannot be reinstated." Id.; see also Brammer, 361 S.W.2d at 200; State
v. Blackstock, 879 S.W.2d 125, 129 (Tex. App.--Houston [14th Dist.] 1994, writ denied); (2) Milim
v. Akers, 181 S.W.2d 719, 723 (Tex. Civ. App.--Austin 1944, writ ref'd w.o.m.), overruled in
part on other grounds, State v. Schmidt, 867 S.W.2d 769 (Tex. 1993).

 Ultimately, then, the filing of objections coupled with service of citation on the
adverse party signals the end of the administrative proceeding and prevents reinstatement of the
special commissioners' award.

 Carlton advances two main arguments in defense of the trial court's judgment and
in support of his right to withdraw his objections. First, having styled his motion a "nonsuit,"
Carlton claims to have an absolute right to withdraw his objections absent a claim by the State for
affirmative relief from the special commissioners' award. See Hooks v. Fourth Court of Appeals,
808 S.W.2d 56, 59 (Tex. 1991). Carlton relies on the supreme court's statement in Hooks that
"in the ordinary case . . . a plaintiff has an absolute right to take a nonsuit. In the absence of a
claim by a defendant for affirmative relief, a trial judge's refusal to grant the nonsuit violates a
ministerial duty . . . ." Id. However, Carlton ignores several key facts which distinguish the
instant cause from Hooks. Under the statutory eminent domain scheme established by the
Property Code, the condemnor becomes the plaintiff with the burden of proving its right to
condemn even if the condemnee initiates the judicial proceeding by objecting to the special
commissioners' award. Amason, 682 S.W.2d at 242; Brammer, 361 S.W.2d at 200. 
Consequently, Carlton's position is somewhat analogous to that of a defendant with a
counterclaim; even if he withdraws his claim, the court retains jurisdiction, and the plaintiff State
may proceed with its case.

 Furthermore, Carlton was not attempting merely to nonsuit his case or withdraw
a counterclaim. By requesting the court to reinstate and render judgment on the special
commissioners' award, Carlton sought affirmative relief. A motion seeking affirmative relief is
not a motion for nonsuit. See Hooks, 808 S.W.2d at 59. Moreover, because citation had been
served on the State, the court lacked authority to reinstate and render judgment on the special
commissioners' award. Amason, 682 S.W.2d at 242.

 Next, Carlton maintains that the State's failure to contest the amount of the award
or formally answer his objections constitutes a failure to "join issue." See Logino v. State, 385
S.W.2d 901, 904 (Tex. Civ. App.--Tyler 1965, writ ref'd n.r.e.) ("[W]here either party in a
condemnation proceeding properly perfects an appeal . . . and the opposite party thereafter
properly joins issue, neither party has a right, without the consent of the other, to withdraw the
appeal and to proceed to judgment based on the award of the Commissioners."); see also Smith
v. State, 388 S.W.2d 291, 294-95 (Tex. Civ. App.--Houston 1965, writ ref'd n.r.e.). In both
Logino and Smith, the State as condemnor had filed objections to the commissioners' award and
then attempted to withdraw those objections after citation had been served and the condemnees
had filed their "answers" to the objections. In Logino, the court held that when both parties
request affirmative relief on the issue of damages, neither has the right to withdraw the appeal
without the consent of the other party. 385 S.W.2d at 904. The Smith court also noted the
condemnees' answer in holding that the State was subsequently barred from withdrawing its
objections. Smith, 388 S.W.2d at 294-95. 

 Because they predate Amason and are distinguishable on their facts, we disagree
with Carlton's interpretation of Logino and Smith as requiring the condemnor to answer the
condemnee's objections to prevent the condemnee from withdrawing its objection and reinstating
the special commissioners' award once citation has been served. Those cases involved a
condemnor's attempt to withdraw its objections to a special commissioners' award, (3) while here
we are concerned with a condemnee's actions. In light of the supreme court's subsequent holding
in Amason--that the condemnee's filing of objections and service of citation on the condemnor
precludes reinstatement of the special commissioners' award--we hold that it is unnecessary for the
condemnor to file a responsive pleading to a condemnee's objections to "join issue" on the amount
of the award after citation is served. The Property Code requires neither objections from both
parties nor responsive pleadings to join issue. The condemnee's filing of objections merely
reactivates the suit originally filed by the State and indicates an additional issue for trial on which
the State is entitled to rely in its preparations. Having induced the State's reliance on his
preservation of the issue of damages for trial, Carlton may not now retreat to the special
commissioners' award because he has reassessed his position. (4)



CONCLUSION


 We hold that a condemnee who contests the special commissioners' award by filing
objections may not withdraw such objections and unilaterally cause the award to be reinstated after
service of citation on the condemnor. Because the filing of objections and service of citation by
either party perfects the appeal as to both, the adverse party is entitled to rely on the objections
as placing in issue the subject of the objections without filing objections of its own. See Kennedy
v. City of Dallas, 201 S.W.2d 840, 842 (Tex. Civ. App.--Dallas 1947, writ ref'd n.r.e.). Here,
the trial court in effect abdicated its jurisdiction and returned this cause to the posture of an
administrative case, which it was not authorized to do under the Property Code. See Property
Code § 21.018(b); Blackstock, 879 S.W.2d at 130. Only by subsequently agreeing on an amount
could the parties have removed the issue of damages from the case once the appeal contesting the
award was duly perfected.

 We sustain the State's points of error, reverse the judgment of the trial court, and
remand this cause for a trial on the merits.



 

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Powers and Kidd

Reversed and Remanded

Filed: June 7, 1995

Publish

1. [1]  This section provides: 


(a) A party to a condemnation proceeding may object to the findings of the special
commissioners by filing a written statement of the objections and their grounds
with the court that has jurisdiction of the proceeding.


(b) If a party files an objection to the finding of the special commissioners, the
court shall cite the adverse party and try the case in the same manner as other
civil causes.


Property Code § 21.018.
2. [2]  In Blackstock, the trial court granted the condemnee's motion for sanctions and struck the
condemnor's pleadings. The condemnor argued that once its objections were struck, the case
reverted back to an administrative case and allowed the entry of the judgment of the special
commissioners. The court held that once judicial jurisdiction attached after the filing of objections
and the service of citation, the cause could not revert back to an administrative case. Blackstock,
879 S.W.2d at 129-30.
3. [3]  Of course, with certain exceptions, the condemnor may abandon the entire condemnation
proceeding before taking possession of the property, or even after taking possession if the
landowner is not prejudiced or harmed as a result. Hooks, 808 S.W.2d at 60-61. However, to
effect such abandonment the condemnor must return the property and may not return to the special
commissioners' award once judicial jurisdiction has attached. See Brazos River Conservation &
Reclamation Dist. v. Allen, 171 S.W.2d 842, 845 (Tex. 1943); Blackstock, 879 S.W.2d at 129-30.
4. [4]  In fact, even though the condemnee bears the burden of proving the value of the property
taken at trial, failure to do so does not entitle the condemnee to the special commissioners' award;
in that case the court is constrained to awarding nominal damages. State v. Jackson, 388 S.W.2d
924, 926 (Tex. 1965); 32 Tex. Jur. 3d Eminent Domain § 262 (1984).