The STATE of Texas, on Behalf of the TEXAS DEPARTMENT OF TRANSPORTATION, Appellant,

v.

Richard H. MARTINI, Trustee, a/k/a R.H. Martini, Appellee.

No. 01–94–00670–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 15, 1995.

Dan Morales, Jorge Vega, Richard D. Naylor, Douglas P. Ray, Houston, for appellant.

Bruce D. Mosier, Michael A. McEnrue, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and HEDGES and ANDELL, JJ.

## OPINION

ANDELL, Justice.

This is an appeal from the trial court's order dismissing objections to the commissioners' award in a condemnation proceeding and rendering judgment based on the amount of the award. In three points of error, appellant, the State of Texas, contends that the trial court erred by: (1) allowing appellee, Richard Martini, to withdraw his objection to the commissioners' award; (2) dismissing the State's objection to the award due to abandonment; and (3) rendering judgment based on the amount of the commissioners' award. We reverse and remand.

### FACTS AND PROCEDURAL POSTURE

In June 1990, the State of Texas, acting on behalf of the Texas Department of Transportation, instituted condemnation proceedings against Martini. Special commissioners were appointed and a hearing was held to deter-

mine the amount of damages caused by the condemnation of Martini's property. The commissioners found that the damages amounted to $85,000 and filed this award with the court on August 6, 1990. Martini filed a timely objection to the award and had the State served with citation in accordance with TEX.PROP.CODE ANN. § 21.017 (Vernon Supp.1995). Since the State desired to take possession of the property, it deposited a sum equal to the amount of the award into the registry of the court, and Martini obtained an order allowing him to withdraw the funds.

The State also timely filed an objection to the award. The State did not serve Martini with citation, however, until February 4, 1994, roughly three and a half years after the State's objection was filed. Shortly after Martini was served with the State's objection, he filed a motion to withdraw his own objection to the commissioners' award and dismiss the State's objection due to want of prosecution and abandonment. After a hearing, the court granted the requested relief and rendered judgment based on the amount of the commissioners' award. The judgment was originally signed on February 28, 1994, but was corrected on March 23, 1994, to include a legal description of the property. Six days later, on March 29, 1994, the State filed an unverified motion entitled "Motion for New Trial and to Reinstate" which the trial court denied after a hearing. On June 15, 1994 (84 days after the trial court signed the corrected judgment), the State gave notice of appeal.

## MOTION TO DISMISS FOR LACK OF JURISDICTION

In both a motion to dismiss and in his brief, Martini asserts that this Court lacks jurisdiction because the State failed to give timely notice of appeal.

■ Ordinarily, under TEX.R.APP.P. 40(a)(2) and 41(a)(1), the State is required to file written notice of appeal within 30 days after the date a judgment is signed to properly perfect an appeal. If, however, a timely motion *for new trial* is filed, the State has 90 days to file the requisite notice. TEX. R.APP.P. 41(a)(1). The timely filing of a mo-

tion to reinstate will also extend the time for perfecting an appeal to 90 days after the judgment is signed. *Butts v. Capitol City Nursing Home, Inc.,* 705 S.W.2d 696, 697 (Tex.1986); *Owen v. Hodge,* 874 S.W.2d 301, 303 (Tex.App.—Houston [1st Dist.] 1994, no writ). Since a motion to reinstate is required to be verified, however, an unverified motion extends neither the trial court's plenary power, nor the time in which to perfect an appeal. *Butts,* 705 S.W.2d at 697; *Owen,* 874 S.W.2d at 303.

■ In this case, Martini contends that the motion filed by the State to set aside the court's judgment was a motion to reinstate and was, therefore, required to be verified under TEX.R.CIV.P. 165a. The State does not dispute that the motion was not verified. Instead, it maintains that the motion was not only a motion to reinstate, but was also a motion for new trial. Hence, the unverified motion was sufficient to extend the appellate timetable to 90 days under TEX.R.APP.P. 41(a)(1).

■ The State concedes that no trial was held in this case. Martini non-suited or dismissed his own objection, and the trial court dismissed the State's objection on the ground of abandonment. This Court has held that dismissal of an objection on the ground of abandonment is the equivalent of a dismissal for want of prosecution pursuant to the trial court's inherent power. *Olin Corp. v. Coastal Water Auth.,* 849 S.W.2d 852, 855 (Tex. App.—Houston [1st Dist.] 1993, no writ). In a typical non-suit or dismissal for want of prosecution, the claim is dismissed and the plaintiff takes nothing. To set aside such a judgment, the proper procedural tool would be a verified motion to reinstate. *See* TEX. R.CIV.P. 165a; *McAllen v. Ramirez,* 875 S.W.2d 702, 704–05 (Tex.App.—Corpus Christi 1994, no writ). The dismissal of both parties' objections in this case, however, did not result in a take-nothing judgment; it had the effect of reinstating the amount of the commissioners' award. An $85,000 judgment was rendered in favor of Martini.

The motion filed by the State sought to do more than merely overcome a dismissal for want of prosecution. In addition to contend-

ing that the judgment was erroneous because the trial court erred in dismissing the State's objection, the motion also asserted that the judgment was erroneous because the trial court could not non-suit Martini's objection without the State's consent, nor reinstate the amount of the commissioners' award without some proof as to value being offered by Martini. Hence, at least in part, the motion sought to vacate the amount of the judgment. Because the judgment in this case did not simply result from a dismissal for want of prosecution, we hold that the motion was the equivalent of a motion for new trial. Therefore, it was not required to be verified and was sufficient to extend the appellate timetable until 90 days after the trial court signed the judgment. *See, e.g., Lovelace v. Downey,* 783 S.W.2d 824, 825–26 (Tex.App.—Houston [14th Dist.] 1990, no writ). Since the State filed its notice of appeal within this time period, we have jurisdiction over this appeal.

We overrule Martini's motion to dismiss.

### DISMISSAL OF MARTINI'S OBJECTION

In its first and second points of error, the State contends that the trial court erred by: (1) allowing Martini to withdraw his objection to the commissioners' award without the State's consent; and (2) dismissing the State's objection due to abandonment. We agree.

■ Section 21.018 of the Property Code provides:

(a) A party to a condemnation proceeding may object to the findings of the special commissioners by filing a written statement of the objections and their grounds with the court that has jurisdiction of the proceeding. The statement must be filed on or before the first Monday following the 20th day after the day the commissioners file their findings with the court.

(b) If a party files an objection to the findings of the special commissioners, the court shall cite the adverse party and try the case in the same manner as other civil causes.

TEX.PROP.CODE ANN. § 21.018 (Vernon Supp. 1995). The filing of an objection by either party has the effect of vacating the award of the commissioners and converting the condemnation proceeding into a cause of action pending in the county court that must be tried and determined as other civil cases. *Longino v. State,* 385 S.W.2d 901, 903–04 (Tex.App.—Tyler 1965, writ ref'd n.r.e.); *see also Amason v. Natural Gas Pipeline Co.,* 682 S.W.2d 240, 242 (Tex.1985) (upon filing of objections, administrative proceeding becomes normal cause pending in trial court).

■ Martini contends that since the cause must be tried in the same manner as other civil cases, he had the right to voluntarily non-suit his objection under TEX.R.CIV.P. 162. Rule 162 provides that a party has an absolute right to take a non-suit. The rule further provides, however, that the dismissal shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief. TEX.R.CIV.P. 162. Two courts of appeals' decisions have addressed the issue of whether a party has the right to take a voluntary non-suit of its objection to the commissioners' award. *Smith v. State,* 388 S.W.2d 291, 294 (Tex.Civ.App.—Houston 1965, writ ref'd n.r.e.); *Longino,* 385 S.W.2d at 903–904.

In *Longino,* the State timely filed an objection to the commissioners' award alleging that the award was excessive, and the landowners were served with citation. Although the landowners did not file a formal objection to the award, they did file an answer in which they alleged that the commissioners' award was inadequate and prayed for judgment in a greater amount. The State later sought to dismiss its objection and have the court render judgment based upon the award. The trial court granted the State's requested relief. 385 S.W.2d at 903–04.

On appeal, the State argued that it had the right to non-suit its own objection to the award, and since the landowners had not properly made their own formal objection to the award, the amount of the commissioners' award should become final. The Tyler Court of Appeals noted that once the State had timely filed its objection, the county court's jurisdiction was invoked and the appeal was perfected as to *both* parties. *Longino,* 385 S.W.2d at 904. Despite the fact that the

landowners did not file a formal objection, they did contest the issue by filing an answer that alleged that the amount of the award was insufficient. Therefore, the court held:

> [W]here *either* party in a condemnation proceeding properly perfects an appeal to the County Court and the opposite party thereafter properly joins issue, *neither party has a right, without the consent of the other, to withdraw the appeal and to proceed to judgment based on the award of the Commissioners.* The Statute contemplates a right of a trial by the court and jury on the issue of damages as well as the right to condemn, provided such issues are properly raised, and this right cannot be destroyed by the action of the opposite party.

*Id.* (emphasis added).

We cited this language with approval in *Smith.* 388 S.W.2d at 294. Like in *Longino,* in *Smith* the State had timely filed an objection to the commissioners' award and served the landowners with citation. Although the landowners also filed their own objection, it was not filed within the statutory time frame of the predecessor statute to TEX.PROP.CODE ANN. § 21.018(a). When the State sought to dismiss the objection it had filed, it contended that the trial court no longer had any jurisdiction over the appeal and the court was required to render judgment on the amount of the commissioners' award because the landowners did not timely perfect their own appeal from the commissioners' finding.

This Court noted that the objection filed by the landowners, although untimely, asserted that the amount of the commissioners' award was insufficient. We treated the objection as an answer that sought affirmative relief and held that under the reasoning of *Longino* the trial court could not dismiss the State's objection and render judgment based on the amount of the commissioners' award. *Smith,* 388 S.W.2d at 294–95. We specifically noted: (1) the trial court acquired jurisdiction when the State filed its objection; (2) citation was properly issued and served; and (3) the landowners answered and sought affirmative relief. Therefore, the State could not defeat the jurisdiction of the trial court

by withdrawing its objections to the award. *Id.* at 295.

The current case is somewhat unique in that both sides filed objections to the commissioners' award and *both objections* were dismissed by the trial court. Martini contends that the trial court's action in dismissing his objection did not prejudice the State's right to have its objection heard by the trial court. According to Martini, since the State also filed a timely objection that gave the trial court jurisdiction, the State still had a right to have its claim heard. Unfortunately, however, the State's objection was dismissed due to abandonment because the State did not serve Martini with citation until three and a half years after the State's objection was filed. Therefore, Martini argues, the fact that the State was unable to contest the amount of the commissioners' award was not due to the dismissal of Martini's objection, but rather to the State's own inaction.

Martini's argument ignores the holdings of *Longino* and *Smith.* Both cases held that once a party timely files an objection to the commissioners' award and has the adverse party served with citation, the county court acquires jurisdiction and the *de novo* appeal is perfected as to *both* parties. *Smith,* 388 S.W.2d at 295; *Longino,* 385 S.W.2d at 905. Therefore, the State was not required to perfect its own appeal by filing an objection and having it served on Martini. The State's objection asserted that the commissioners' award was excessive and, therefore, contested the award just like the answer filed by the landowners in *Longino* and the untimely objection filed by the landowners in *Smith.* There is no reason that the State should be treated any differently than the landowners in those cases. We hold that once either party files an objection to the award, thereby invoking the jurisdiction of the county court, *and* the opposing party thereafter files an answer or *other* instrument that also contests the amount of the award, the party cannot thereafter non-suit its objection without the opposing party's consent.

We sustain the State's first and second points of error.

## REINSTATEMENT OF COMMISSIONERS' AWARD

In its third point of error, the State argues that the trial court could not render judgment based on the amount of the commissioners' award.

■ The Texas Supreme Court has held that once an objection is filed and the adverse party is served with citation, the award is vacated and the court in which the action is pending no longer has any jurisdiction to render judgment based on the award. *Amason*, 682 S.W.2d at 242. The only exception to this rule is when the objecting party fails to have the adverse party served with citation and as a result the objecting party's claim is dismissed due to abandonment. *See id.; Denton County v. Brammer*, 361 S.W.2d 198, 201 (Tex.1962); *State v. Ellison*, 788 S.W.2d 868, 873 (Tex.App.—Houston [1st Dist.] 1990, writ denied). When the objecting party fails to secure service on the adverse party within a reasonable amount of time, the objecting party is deemed to have abandoned his objection and judgment is rendered as if no objection had ever been filed. *Ellison*, 788 S.W.2d at 873. The county court only has authority to enter judgment on the commissioners' award if: (1) no objections were filed by either party; (2) the adverse party does not contest the amount of the award, and the objecting party's appeal is dismissed due to abandonment; or (3) both parties consent. *See Longino*, 385 S.W.2d at 904. Since none of these circumstances were present in this case, the trial court erred by rendering judgment based on the amount of the commissioners' award.

We sustain the State's third point of error.

## CONCLUSION

Once Martini filed his objection to the commissioners' award, he invoked the jurisdiction of the county court and perfected the appeal as to both parties. When the State thereafter filed its own objection complaining that the award was excessive, Martini could not seek to have his objection non-suited and judgment rendered on the amount of the commissioners' award without the State's consent. The trial court, therefore, erred.

We reverse and remand this case for a new trial.