Appellant=s Motion for Rehearing Overruled; Opinion of August 28, 2003,
Withdrawn; Dismissed and Corrected filed October 2, 20









Appellant=s
Motion for Rehearing Overruled; Opinion of August 28, 2003, Withdrawn;
Dismissed and Corrected filed October 2, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

       NO. 14-03-00614-CV

       NO.
14-03-00615-CV

       NO.
14-03-00616-CV

____________

 

RALPH WALLACE SHAMBLIN, Appellant

 

V.

 

TEXAS BOARD OF PARDONS & PAROLE, ET AL.,
Appellees

 



 

On Appeal from the 152nd District
Court

Harris County, Texas

Trial Court Cause Nos. 02-18575;
02-18576 & 02-18578 

 



 

C
O R R E C T E D  
O P I N I O N

This is an attempted appeal from a judgment, signed January
13, 2003.  A motion to reinstate was
filed on February 11, 2003.  Appellant=s notice of appeal was filed May 5,
2003.  On August 28, 2003, we issued an
opinion dismissing the appeal for lack of jurisdiction.  On September 11, 2003, appellant filed a motion
for rehearing.  We withdraw our opinion
of August 28, 2003, overrule appellant=s motion for rehearing, and issue
this corrected opinion. 








The notice of appeal must be filed within thirty days after
the judgment is signed when appellant has not filed a timely motion for new
trial, motion to modify the judgment, motion to reinstate, or request for
findings of fact and conclusions of law. 
See Tex. R. App. P. 26.1

Although appellant filed a timely motion to reinstate, it was
not verified.  Since a motion to
reinstate is required to be verified, an unverified motion extends neither the
trial court's plenary power, nor the time in which to perfect an appeal.  Butts v. Capitol City Nursing Home, Inc.,
705 S.W.2d 696, 697 (Tex. 1986); State on Behalf of Texas Dept. of Transp. v. Martini, 902 S.W.2d 138, 140 (Tex. App.CHouston [1st Dist.] 1995, no
writ).  

In his motion for rehearing, appellant contends that, as an
inmate, he is not required to verify his motion to reinstate.  By statute, an inmate may file an unsworn declaration in lieu of a written sworn declaration
or verification.  Tex. Civ. Prac.
& Rem. Code Ann. ' 132.001(a) (Vernon 1997).  An unsworn
declaration made under chapter 132 must be in writing and subscribed by the
person making the declaration as true under penalty of perjury.  Id. at ' 132.002.  The unsworn
declaration should be substantially similar to the form of unsworn
declaration provided in section 132.003.[1]  Id. at ' 132.003.

The motion to reinstate filed by appellant contains no unsworn declaration complying with Chapter 132.  Thus, appellant=s motion to reinstate neither
extended the trial court's plenary power, nor the time in which to perfect an
appeal.

On August 12, 2003, notification was transmitted to all
parties of the Court=s intent to dismiss the appeal for want of jurisdiction.  See Tex.
R. App. P. 42.3(a).  Appellant=s response fails to demonstrate that
this Court has jurisdiction to entertain the appeal.








Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

Judgment rendered and Corrected
Opinion filed October 2, 2003.

Panel consists of Justices Yates,
Hudson, and Fowler.

 











[1]  The form of
the unsworn declaration should be substantially as
follows:

 

AI, (insert name and inmate identifying number from
Texas Department of Corrections or county jail), being presently incarcerated
in (insert Texas Department of Corrections unit name or county jail name) in
_____ County, Texas, declare under penalty of perjury that the foregoing is
true and correct.  Executed on
(date).  (signature)@

 

Tex. Civ.
Prac. & Rem. Code Ann. ' 132.003 (Vernon 1997).